[Crim. No. 16649.  Second Dist., Div. Four.  Jan. 19, 1970.]

THE PEOPLE, Plaintiff and Respondent, v.
TERRY LEE SPENCE, Defendant and Appellant.

## COUNSEL

Richard H. Levin, under appointment by the Court of Appeal, for Defendant and Appellant.

Thomas C. Lynch, Attorney General, William E. James, Assistant Attorney General, and William V. Ballough, Deputy Attorney General, for Plaintiff and Respondent.

## OPINION

FILES, P. J.—Defendant was charged in count I with discharging a firearm at a vehicle in violation of section 23110, subdivision (b), of the Vehicle

Code, and in each of counts II, III and IV with assault with a deadly weapon in violation of section 245 of the Penal Code.

After a jury trial, defendant was found guilty on all counts, probation was denied and he was sentenced to state prison for the term prescribed by law, sentences to run concurrently. Execution of the sentence on count I was stayed, the stay to become permanent upon completion of service of the sentences on the assault counts. Defendant appeals from the judgment.

On December 15, 1968, at approximately 5:30 p.m., defendant was driving south on Highway 101 in his red Corvair. He had previously picked up three hitchhikers who were passengers in his car.

Defendant commenced playing "tag" with a Chevrolet station wagon occupied by three people. He would pull alongside the Chevrolet and then slow down, he would speed up and pass the Chevrolet, then slow down so that the Chevrolet would pass him.

According to the three passengers in defendant's car, defendant took a gun out of the glove compartment and fired into the right side of the Chevrolet narrowly missing one of the occupants. The Chevrolet speeded up and defendant then fired at it again, shattering its rear window.

One of defendant's passengers asked him what he was doing. His answer was that he was " 'just playing with her.' "

The defendant testified that he fired neither of the shots, that they were both fired by one of the passengers in his car.

Defendant contends on appeal: (1) that the trial court erred in its refusal to give an instruction proposed by him, to the effect that he could not be found guilty of count I and also of counts II, III and IV; (2) that he could not be charged and found guilty of three separate violations of section 245 of the Penal Code, since but two shots were fired; and (3) that the court incorrectly instructed the jury that defendant could be found guilty of assault with a deadly weapon even if he did not intend to hit the victim.

### Multiple Convictions

Defendant's first two contentions, concerning the multiple convictions, will be discussed together.

Count I charged a violation of Vehicle Code section 23110, subdivision (b), which reads: "Any person who with intent to do great bodily injury maliciously and wilfully throws or projects any rock, brick, bottle, metal or other missile, or projects any other substance capable of doing serious bodily harm, or discharges a firearm at such vehicle or occupant thereof is guilty of a felony and upon conviction shall be punished by imprisonment for not less than one year or more than five years in the state prison."

Counts II, III and IV each charged assault with a deadly weapon, each count naming a different occupant of the Chevrolet as the victim.

Penal Code section 245 provides: "Every person who commits an assault upon the person of another with a deadly weapon or instrument or by any means of force likely to produce great bodily injury is punishable by imprisonment in the state prison not exceeding 10 years, or in a county jail not exceeding one year, or by fine not exceeding five thousand dollars ($5,000), or by both such fine and imprisonment."

Penal Code section 240 provides: "An assault is an unlawful attempt, coupled with a present ability, to commit a violent injury on the person of another."

█ It appears from the texts of these statutes that Vehicle Code section 23110 does not necessarily include assault with a deadly weapon, nor does the assault statute necessarily include all possible violations of section 23110. █ The Vehicle Code violation is limited to attacks aimed at vehicles or their occupants, but it does not require in its commission either the use of a deadly weapon or the present ability to commit a violent injury. The phrase "capable of doing serious bodily harm" in the Vehicle Code section refers to a quality of the missile or the substance which is thrown or projected. The statute does not seem to require that the person throwing it have the present ability to inflict the injury, even though he is using a dangerous missile with intent to injure. Thus we do not face the problem discussed in *People* v. *Greer* (1947) 30 Cal.2d 589 [184 P.2d 512] which involved an offense that was necessarily included in another offense charged in the same information.

█ But in the context of the case at bench, the discharge of a firearm at the named victims, with intent to do great bodily injury, was an act which fell within both statutes.

The record seems to indicate that the two pistol shots were the acts relied upon by the prosecution to support the convictions on all four counts. There appears to have been no contention that the defendant's automobile was used as a "deadly weapon." The trial court instructed the jury, at the People's request, that a .22-caliber pistol, if fired by defendant, was a deadly weapon, but there is no instruction about the automobile as a weapon. We thus reach the issue whether the two acts of firing a pistol at three people in a motor vehicle may support the judgment in this case.

Penal Code section 654 provides in part: "An act or omission which is made punishable in different ways by different provisions of this Code may be punished under either of such provisions, but in no case can it be punished under more than one; . . ."

■ Although section 654 speaks of acts punishable "by different provisions of this Code," it embraces the penal provisions of the other codes as well. (*In re Hayes* (1969) 70 Cal.2d 604, 605 [75 Cal.Rptr. 790, 451 P.2d 430].)

The more recent decisions of the Supreme Court have declared that section 654 forbids multiple sentences, but not multiple convictions, where one offense is not necessarily included within the other. (See *In re Wright* (1967) 65 Cal.2d 650, 653 [56 Cal.Rptr. 110, 422 P.2d 998]; *People* v. *McFarland* (1962) 58 Cal.2d 748, 762 [26 Cal.Rptr. 473, 376 P.2d 449].)

■ It is also established that where crimes of violence are committed against several persons, a separate punishment for each victim is permissible. (*Neal* v. *State of California* (1960) 55 Cal.2d 11, 20 [9 Cal. Rptr. 607, 357 P.2d 839].)

■ In the case at bench sentences were imposed for the three assault counts, each involving a separate victim, and a sentence for the Vehicle Code count was imposed and suspended. This method of suspending execution of a sentence brings the judgment into compliance with the case law applying section 654. (*In re Wright* (1967) 65 Cal.2d 650, 655-656 [56 Cal.Rptr. 110, 422 P.2d 998].)

There is nothing novel in having more victims than criminal acts. In the *Neal* case, *supra,* the defendant started a single fire which threatened the lives of two persons and resulted in two convictions and two sentences for attempted murder. ■ In the case at bench it was not unreasonable for the jury to infer that in firing two pistol shots into the automobile, defendant was attempting violent injury upon all three passengers, whether by a single bullet injuring more than one person or by shooting the driver, thereby causing the car to go out of control, injuring all occupants.

### *Assault With Intent to Injure*

■ The court instructed the jury as follows: "If a pistol is deliberately and unlawfully fired toward another person in a manner likely to produce a violent injury on another person, an assault with a deadly weapon may be accomplished even if the defendant does not really intend to hit the victim."

The authority for that instruction, as indicated by the citation at the bottom of the sheet, was *People* v. *Morrow* (1969) 268 Cal.App.2d 939 [74 Cal.Rptr. 551].

On December 18, 1969, the Supreme Court filed its opinion in *People* v. *Hood,* 1 Cal.3d 444 [82 Cal.Rptr. 618, 462 P.2d 370], which discusses the conflicting decisions in California on the question whether a specific intention to injure is an element of the crime of assault. The holding of the *Hood* case is that voluntary intoxication is not a defense to a charge of assault with a deadly weapon under Penal Code section 245. In the course of the discussion, the *Hood* opinion points out that in *People* v. *Carmen* (1951) 36 Cal.2d 768 [228 P.2d 281] the Supreme Court declared that the defendant could not be guilty of assault with a deadly weapon if he did not intend to kill or injure anyone.[1] Furthermore, as the *Hood* opinion notes, that statement from the *Carmen* opinion was quoted with apparent approval in *People* v. *Coffey* (1967) 67 Cal.2d 204, 222 [60 Cal.Rptr. 457, 430 P.2d 15]. The *Hood* decision rests squarely upon the effect of voluntary intoxication, and the opinion avoids any resolution of the broad question whether specific intent to injure is an element of the crime of assault, thereby suggesting that the question is not free from doubt. But to this intermediate court, bound to follow the latest decisions of the Supreme Court, the significant feature of the *Hood* decision is that it does not purport to overrule anything said in *Carmen.*[2] This court is therefore obliged to accept the *Carmen* rationale as the applicable law.

The instruction given by the trial court in the case at bench was error under the language of the *Carmen* opinion. The remaining question is whether the error was prejudicial to the defendant. Article VI, section 13, of the California Constitution requires "No judgment shall be set aside, or new trial granted, in any cause, on the ground of misdirection of the jury . . . unless, after an examination of the entire cause, including the evidence, the court shall be of the opinion that the error complained of has resulted in a miscarriage of justice."

In the case at bench the court also gave this instruction: "In the crime of Discharging a Firearm At A Vehicle, there must exist in the mind of the perpetrator the specific intent to do great bodily injury, and unless such intent so exists that crime is not committed."

---

[1]This language appears in the *Carmen* opinion (36 Cal.2d at p. 775): "The unlawful act would fall short of assault with a deadly weapon (Pen. Code, § 245), or even assault (Pen. Code, § 240), if the jury chose to believe his testimony that he had no intent to kill or injure anyone. This follows from the definition of an assault as 'an unlawful attempt, coupled with a present ability, to commit a violent injury on the person of another.' (Pen. Code, § 240.) One could not very well 'attempt' or try to 'commit' an injury on the person of another if he had no intent to cause any injury to such other person."

[2]The *Hood* opinion states (at p. 457): "We need not reconsider our position in *Carmen* that an assault cannot be predicated merely on reckless conduct."

The requirement that there be proof of specific intent to do great bodily injury was also expressed in two other instructions relating to the Vehicle Code offense charged in count I. The fact that the jury returned a verdict of guilty under count I must be taken as a finding by the jury that at least one of the shots was fired with a specific intent to injure an occupant of the vehicle.

Upon the evidence of this case, there is no rational basis for drawing a distinction between the two shots, with respect to the intent of the man who pulled the trigger. The defendant gave no explanation, except for his extrajudicial statement that he was " 'just playing.' " His testimony consisted of a denial that he had fired either shot. The jury was required to determine the defendant's intent from the circumstances. If the jury had been told that an intent to injure was an element of the offense of assault, it seems hardly possible that the verdict on those counts would have been any different. We conclude the error in instructions did not result in a miscarriage of justice.

The judgment is affirmed.

Kingsley, J., and Dunn, J., concurred.