[No. B166776. Second Dist., Div. Five. June 4, 2004.]

In re WASIF M., a Person Coming Under the Juvenile Court Law.;
THE PEOPLE, Plaintiff and Respondent, v.
WASIF M., Defendant and Appellant.

**[CERTIFIED FOR PARTIAL PUBLICATION*]**

*Pursuant to California Rules of Court, rules 976(b) and 976.1, this opinion is certified for publication with the exception of parts I.B., II. and III. of the Discussion.

†Pursuant to article VI, section 21 of the California Constitution.

Counsel

Law Offices of Pritz & Associates and Kurt Pritz for Defendant and Appellant.

Bill Lockyer, Attorney General, Robert R. Anderson, Chief Assistant Attorney General, Pamela C. Hamanaka, Assistant Attorney General, Margaret E. Maxwell and Marc A. Kohm, Deputy Attorneys General, for Plaintiff and Respondent.

Opinion

**MOSK, J.—**

## INTRODUCTION

The juvenile court declared defendant and appellant Wasif M. a ward of the court and found that he had thrown stones at a bus, in violation of Penal Code section 219.2.[1] Defendant contends that section 219.2 requires the specific intent to strike or wreck a bus, and that there was insufficient evidence that he acted with the requisite intent. Defendant further contends that the juvenile court abused its discretion by admitting evidence that defendant had thrown rocks through a high school window on the same day as the act that is the subject of the section 219.2 charge and by not reducing the offense from a felony to a misdemeanor. In the published portion of this opinion, we hold that section 219.2 does not require the intent to strike or wreck a bus. In the unpublished portion of this opinion, we discuss and hold that there was sufficient evidence to establish defendant's violation of that statute and that the juvenile court did not abuse its discretion in admitting evidence of defendant's prior rock-throwing and in declining to reduce the offense from a felony to a misdemeanor.

## BACKGROUND

In a petition filed on January 21, 2003, pursuant to Welfare and Institutions Code section 602, the Los Angeles County District Attorney alleged that defendant had committed the crime of throwing a stone or other hard substance at a Culver City transit bus, in violation of section 219.2. Defendant denied the allegation, and the matter proceeded to a contested jurisdictional hearing.

---

[1] Unless indicated otherwise, all further statutory references are to the Penal Code.

At the March 21, 2003 hearing, John Taylor, a police officer for the Los Angeles Unified School District, testified that he saw defendant in front of Venice High School on September 25, 2002, throwing rocks into the street. Some of the rocks thrown by defendant hit passing vehicles. Officer Taylor said that he saw buses in the area, although he did not see whether any of the rocks thrown by defendant hit any passing bus. When asked whether he saw defendant throw any rocks "in the direction of any buses that might have been in the area," Officer Taylor answered, "Yes, I did."

Defendant testified at the March 21, 2003 hearing and denied, several times, throwing any rocks on September 25, 2002. In response to questions by the prosecutor, defendant also denied throwing any rocks before 10:00 a.m. on September 25, 2002. When asked whether he had paid restitution to Venice High School "for having thrown a rock through a window that same morning," defendant objected that "the question isn't right." The trial court instructed defendant to limit his response to a "yes" or "no," and defendant answered, "Yes. I paid money, yes." Defendant later clarified that he had paid restitution to Venice High School for throwing rocks through a window on the afternoon of September 25, 2002, not in the morning.

Over the objection of the defendant, the prosecutor presented as impeachment evidence the testimony of Sandra Salazar, a police officer assigned to Venice High School. Officer Salazar testified that at approximately 3:30 in the afternoon of September 25, 2002, she saw defendant throwing things in front of Venice High School. Officer Salazar also testified that she looked up and saw broken windows in the front of the school near defendant and that those windows had not been broken when school was dismissed earlier that day.

At the conclusion of the hearing, the juvenile court found the allegations stated in the January 21, 2003 petition to be true beyond a reasonable doubt, denied defendant's request to reduce the violation to a misdemeanor, ordered defendant home on probation, and imposed a requirement of 50 hours of community service. Defendant appealed.

## DISCUSSION

I. *Violation of Section 219.2*

Section 219.2 provides: "Every person who willfully throws, hurls, or projects a stone or other hard substance, or shoots a missile, at a train, locomotive, railway car, caboose, cable railway car, street railway car, or bus or at a steam vessel or watercraft used for carrying passengers or freight on any of the waters within or bordering on this state, is punishable by

imprisonment in the county jail not exceeding one year, or in a state prison, or by fine not exceeding two thousand dollars ($2,000), or by both such fine and imprisonment."

Defendant contends that a violation of section 219.2 occurs only if the defendant throws a stone with the specific intent to strike or wreck a bus, rather than just the general intent to throw a stone at the bus. He also claims there was insufficient evidence to show that he intended to or did throw rocks "at" a bus.

### A. Intent Required for a Violation of Section 219.2

■ Defendant's claim that section 219.2 requires the specific intent to strike or wreck a bus involves statutory construction, a question of law that we review de novo. (*People v. Saephanh* (2000) 80 Cal.App.4th 451, 457 [94 Cal.Rptr.2d 910].) " 'When construing a statute, we must "ascertain the intent of the Legislature so as to effectuate the purpose of the law." ' [Citations.] '[W]e begin with the words of a statute and give these words their ordinary meaning.' [Citation.] 'If the statutory language is clear and unambiguous, then we need go no further. [Citation.]' If, however, the language supports more than one reasonable construction, we may consider 'a variety of extrinsic aids, including the ostensible objects to be achieved, the evils to be remedied, the legislative history, public policy, contemporaneous administrative construction, and the statutory scheme of which the statute is a part.' [Citation.] Using these extrinsic aids, we 'select the construction that comports most closely with the apparent intent of the Legislature, with a view to promoting rather than defeating the general purpose of the statute, and avoid an interpretation that would lead to absurd consequences.' [Citation.]" (*People v. Sinohui* (2002) 28 Cal.4th 205, 211–212 [120 Cal.Rptr.2d 783, 47 P.3d 629].)

■ The intent to commit a crime has been deemed to be either general or specific. (1 Witkin & Epstein, Cal. Criminal Law (3d ed. 2000) Elements, § 5, p. 204.) As the Supreme Court has noted, "specific and general intent have been notoriously difficult terms to define." (*People v. Atkins* (2001) 25 Cal.4th 76, 82 [104 Cal.Rptr.2d 738, 18 P.3d 660]; see also *People v. Hood* (1969) 1 Cal.3d 444, 457 [82 Cal.Rptr. 618, 462 P.2d 370] (Traynor, J.).)[2]

---

[2] Authorities have long criticized the specific and general intention distinctions. (See, e.g., Hall, General Principles of Criminal Law (2d ed. 1960) 142 ["The current confusion resulting from diverse uses of 'general intent' is aggravated by dubious efforts to differentiate that from 'specific intent.' Each crime has its distinctive *mens rea*. . . . Insofar as these terms are used to refer to actual intentions both of them are unfortunate, and the adjectives should be discontinued"].)

Although the origins of the distinction between specific intent and general intent crimes reflected a "compromise" between ignoring intoxication as a defense and having intoxication eliminate any element of intent (*People v. Hood, supra,* 1 Cal.3d at pp. 455–456; *People v. Atkins, supra,* 25 Cal.4th at pp. 81–82), the Supreme Court has continued to utilize the distinction between general intent and specific intent crimes in situations other than in connection with the defense of intoxication or other mental conditions. (See, e.g., *People v. Rubalcava* (2000) 23 Cal.4th 322, 328 [96 Cal.Rptr.2d 735, 1 P.3d 52] [crime of carrying of concealed dirk or dagger does not require specific intent to use the instrument as a stabbing weapon].)

The Supreme Court "set forth a general definition distinguishing the two intents: 'When the definition of a crime consists of only the description of a particular act, without reference to intent to do a further act or achieve a future consequence, we ask whether the defendant intended to do the proscribed act. This intention is deemed to be a general criminal intent. When the definition refers to defendant's intent to do some further act or achieve some additional consequence, the crime is deemed to be one of specific intent.' " (*People v. Atkins, supra,* 25 Cal.4th at p. 82, quoting *People v. Hood, supra,* 1 Cal.3d at pp. 456–457.) "General criminal intent . . . requires no further mental state beyond willing commission of the act proscribed by law." (*People v. Sargent* (1999) 19 Cal.4th 1206, 1215 [81 Cal.Rptr.2d 835, 970 P.2d 409].) " 'The critical issue is the accurate description of the state of mind required for the particular crime.' " (*People v. Hering* (1999) 20 Cal.4th 440, 447 [84 Cal.Rptr.2d 839, 976 P.2d 210].)

" 'Our analysis must . . . begin with an examination of the statutory language describing the proscribed conduct, including any express or implied reference to a mental state.' " (*People v. Atkins, supra,* 25 Cal.4th at p. 84; see also *People v. Hering, supra,* 20 Cal.4th at p. 445.) Section 219.2 penalizes a person who "willfully" throws a stone "at" a bus. The Penal Code states that "[t]he word 'willfully,' when applied to the intent with which an act is done or omitted, implies simply a purpose or willingness to commit the act, or make the omission referred to. It does not require any intent to violate law, or to injure another, or to acquire any advantage." (§ 7, subd. (1).)

The plain language of the statute does not support defendant's contention that section 219.2 requires the intent to strike or wreck a bus. No such requirement is referred to in the statute. In contrast, the intent to wreck a bus is required by a companion statute, section 219.1, which provides as follows: "Every person who unlawfully throws, hurls or projects at a vehicle operated by a common carrier, while such vehicle is either in motion or stationary, any rock, stone, brick, bottle, piece of wood or metal or any other missile of any kind or character, or does any unlawful act, *with the intention of wrecking*

*such vehicle* and doing bodily harm, and thus wrecks the same and causes bodily harm, is guilty of a felony and punishable by imprisonment in the state prison for two, four, or six years." (§ 219.1, italics added.) The absence of any similar expression of intent or purpose in section 219.2 suggests that the intent to strike or wreck a bus is not an element of the offense enumerated by that statute.[3] The offense proscribed by section 219.2 "consists of only the description of the particular act, without reference to intent to do a further act or consequence," and is thus a crime of general intent. (*People v. Atkins, supra,* 25 Cal.4th at p. 82.)

The use of the word "at" in section 219.2 in connection with the throwing of an object does not, as argued by defendant, add a specific intent requirement to that provision. This issue, although not specifically discussed in connection with section 219.2, has arisen with respect to section 246, which provides in relevant part as follows: "Any person who shall maliciously and willfully discharge a firearm *at* an inhabited dwelling house, occupied building, occupied motor vehicle, occupied aircraft, inhabited housecar, . . . or inhabited camper, . . . is guilty of a felony . . . ." (§ 246, italics added.) In *People v. Cruz* (1995) 38 Cal.App.4th 427 [45 Cal.Rptr.2d 148] (*Cruz*), the court concluded that the word "at," as used in section 246, did not make the offenses enumerated under that statute specific intent crimes. The court rejected an argument by the defendant, who had been convicted of discharging a firearm at an occupied building, that the word "at" means "with the intent to strike" the building. (*Cruz*, at pp. 431–433.)

Defendant cites *People v. Spence* (1970) 3 Cal.App.3d 599 [83 Cal.Rptr. 711] as support for his claim that the word "at," as used in section 219.2, means "aimed at." *Spence* involved both an assault and a violation of Vehicle Code section 23110,[4] which proscribes throwing objects at a vehicle "with the intent to do great bodily injury." Defendant relies upon the following statement in that case: "The Vehicle Code violation is limited to attacks *aimed at* vehicles or their occupants, but it does not require in its commission either the use of a deadly weapon or the present ability to commit a violent injury." (*Spence, supra,* 3 Cal.App.3d at p. 603, italics

---

[3] The reference in 2 Witkin and Epstein, California Criminal Law (3d ed. 2000) Crimes Against Property, section 255, page 286, cited by defendant, suggests that both Penal Code sections 219.1 and 219.2 require the intent to wreck the vehicle and do bodily harm. We respectfully disagree with any such suggestion.

[4] Vehicle Code section 23110, subdivision (b), in effect at the time of *Spence, supra,* 3 Cal.App.3d 599 provided in relevant part as follows: " 'Any person who with intent to do great bodily injury maliciously and willfully throws or projects any rock, brick, bottle, metal or other missile, or projects any other substance capable of doing serious bodily harm, or discharges a firearm *at* such vehicle or occupant thereof is guilty of a felony . . . .' " (*Id.* at p. 602, italics added.) The statute has since been amended to omit from the offense discharge of a firearm. (Veh. Code, § 23110, subd. (b).)

added.) Defendant argues that by using the term "aimed at," the court construed "at" as adding to the crime the element of intent to strike or wreck the vehicle. The issue in *Spence*, however, was not whether the word "at" as used in Vehicle Code section 23110, subdivision (b) means "aimed at" a vehicle, but whether the defendant, who had discharged a firearm at a passing vehicle, could be convicted of both a violation of Vehicle Code section 23110 and assault with a deadly weapon under sections 240 and 245. (*Spence, supra,* 3 Cal.App.3d at pp. 602–603.) Thus, the court in *Spence* did not address the issue of intent under Vehicle Code section 23110.

Defendant also argues that section 219.2 requires a defendant actually to hit a bus. The statute contains no such requirement. This is in contrast to section 219.1, which requires not only that a rock be thrown with the intention of wrecking a vehicle, but also that such act "thus wrecks the same." The absence of a similar express requirement in section 219.2 evidences an intent to safeguard drivers not only from injury to their persons or vehicles, but also from distractions that could result in such injury. (See *Findley v. Justice Court* (1976) 62 Cal.App.3d 566, 572 [133 Cal.Rptr. 241] ["highways are constructed and maintained for the benefit of members of the public who have an inalienable right to use them in a reasonable manner without obstruction and interruption"].)

Defendant cites *Cruz, supra,* 38 Cal.App.4th 427, *People v. Chavira* (1970) 3 Cal.App.3d 988 [83 Cal.Rptr. 851], and *People v. Jischke* (1996) 51 Cal.App.4th 552 [59 Cal.Rptr.2d 269] as support for his position that striking the bus with a stone is an element of the crime proscribed by section 219.2. The defendants in each of those cases, who were convicted of discharging a firearm at an occupied building in violation of section 246, actually struck a building. The fact that a building was struck was simply one of several factors considered by the courts in those cases in determining whether the offense was committed, just as the absence of evidence that a rock thrown by defendant actually struck a bus was a factor considered by the juvenile court in this case. Those cases do not mandate a holding in this case that striking the bus with an object is an essential element of the crime penalized by section 219.2.

■ Because section 219.2, in prohibiting throwing an object at a bus, makes no reference to any intent to "achieve a future consequence" (*People v. Hood, supra,* 1 Cal.3d at p. 457), " 'no further mental state beyond willing commission of the act proscribed by law' is necessary. [Citation.]" (*People v. Rubalcava, supra,* 23 Cal.4th at p. 328.) Here, there was evidence that defendant threw stones in the direction of, and therefore at, buses in the area. The trial court's determination that defendant did so willingly was sufficient

to establish a violation of section 219.2. (See *People v. Sargent, supra,* 19 Cal.4th at p. 1215 [for general intent crime "requires no further mental state beyond willing commission of the act proscribed by law"].)[5]

B. *Sufficiency of Evidence**

. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .

II., III.*

. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .

## DISPOSITION

The judgment of the juvenile court is affirmed.

Turner, P. J., and Armstrong, J., concurred.

On June 8, 2004, the opinion was modified to read as printed above. Appellant's petition for review by the Supreme Court was denied September 15, 2004.

---

[5] Because of this finding, we need not determine whether a defendant acts with the requisite intent by throwing an object with a "reckless disregard of probable consequences" (see, e.g., *People v. Chavira, supra,* 3 Cal.App.3d at p. 993 [violation of § 246]) or by his acts being "likely to result" in a violation of the statute (*People v. Colantuono* (1994) 7 Cal.4th 206, 219 [26 Cal.Rptr.2d 908, 865 P.2d 704] [assault]).

*See footnote, *ante,* page 176.