[No. S140032. June 18, 2007.]

THE PEOPLE, Plaintiff and Respondent, v.
NORMAN PAUL LICAS, Defendant and Appellant.

## COUNSEL

Christopher Blake, under appointment by the Supreme Court, for Defendant and Appellant.

Bill Lockyer and Edmund G. Brown, Jr., Attorneys General, Robert R. Anderson and Mary Jo Graves, Chief Assistant Attorneys General, Gary W. Schons, Assistant Attorney General, Steve Oetting and Kelley A. Johnson, Deputy Attorneys General, for Plaintiff and Respondent.

## OPINION

**CHIN, J.**—Is the crime of assault with a firearm (Pen. Code, § 245, subd. (a)(2)) a lesser included offense of shooting at another person from a vehicle (Pen. Code, § 12034, subd. (c))?[1] In a published opinion, the Court of Appeal here held that the assault offense is not a lesser included offense of shooting from a vehicle; the latter offense does not include the element that the shooter have a "present ability" to commit a violent injury on another person, a requirement of the offense of assault with a firearm. On the other hand, in *In re Edward G.* (2004) 124 Cal.App.4th 962 [21 Cal.Rptr.3d 786] (*Edward G.*), the Court of Appeal came to the opposite conclusion. We granted review to resolve the conflict.

---

[1] Unless otherwise stated, all statutory references are to the Penal Code.

We agree with the Court of Appeal in this case and conclude that assault with a firearm is not a lesser included offense of shooting from a vehicle.

## I. FACTUAL AND PROCEDURAL HISTORY

In June 2002, Eric Galvan, his girlfriend, Lisa Flores, and their baby daughter were staying at an inn. Galvan and Flores had borrowed $200 from defendant about a month earlier. Although they had agreed to pay back defendant on the first day of the month, they did not pay defendant as agreed.

On June 10, 2002, Flores was standing with her baby outside the inn when she saw defendant in his car in the parking lot. Flores returned to her room and told Galvan about defendant's presence. They went outside. Galvan approached defendant's car to give defendant some money, while Flores waited with the baby at the entrance of the inn.

Galvan crouched down outside the driver's side door, while defendant remained inside the car. Flores saw Galvan hand defendant some money and they talked for awhile. She then "saw the barrel of the gun come out of the window" of defendant's car. She screamed and heard about six or seven shots. During the shooting, Galvan jumped up and ran towards Flores and the baby to get them inside the inn. Flores testified that defendant did not get out of the car while the shots were fired. Once they were inside, Flores noticed that Galvan had been shot. Galvan survived.

Testimony from two witnesses in the parking lot indicated that defendant might have been standing outside the car during the shootings.

That day, defendant admitted to a friend that he had shot Galvan.

A jury found defendant guilty of shooting at another person from a vehicle (§ 12034, subd. (c)) and possession of a firearm by a felon (§ 12021, subd. (a)(1)), and that various charged weapons and great bodily injury enhancements were true. After finding that defendant had suffered multiple prior serious felony convictions, the trial court imposed a lengthy term of imprisonment.

The Court of Appeal affirmed the judgment. Disagreeing with *Edward G.*, *supra*, 124 Cal.App.4th 962, the court held that assault with a firearm is not a lesser included offense of shooting at another person from a vehicle. Consequently, it determined that the trial court did not err in failing to instruct the jury on the assault offense.

We granted defendant's petition for review.

## II. DISCUSSION

Defendant maintains that the trial court erred by failing to instruct the jury sua sponte on assault with a firearm (§ 245, subd. (a)(2)), as a lesser included offense of shooting at another person from a vehicle (§ 12034, subd. (c)).

■ "We apply the independent or de novo standard of review to the failure by the trial court to instruct on an assertedly lesser included offense. [Citation.] A trial court must instruct the jury sua sponte on a lesser included offense only if there is substantial evidence, ' "that is, evidence that a reasonable jury could find persuasive" ' [citation], which, if accepted, ' "would absolve [the] defendant from guilt of the greater offense" [citation] but not the lesser' [citation]." (*People v. Cole* (2004) 33 Cal.4th 1158, 1218 [17 Cal.Rptr.3d 532, 95 P.3d 811].) "[A] lesser offense is necessarily included in a greater offense if either the statutory elements of the greater offense, or the facts actually alleged in the accusatory pleading, include all the elements of the lesser offense, such that the greater cannot be committed without also committing the lesser. [Citations.]" (*People v. Birks* (1998) 19 Cal.4th 108, 117–118 [77 Cal.Rptr.2d 848, 960 P.2d 1073].)

Here, the allegations in the information regarding the shooting-from-a-vehicle offense generally tracked the statutory language of section 12034, subdivision (c). Thus, the parties agree that the elements test applies in this case.

Section 12034, subdivision (c), provides, "Any person who willfully and maliciously discharges a firearm from a motor vehicle at another person other than an occupant of a motor vehicle is guilty of a felony punishable by imprisonment in state prison for three, five, or seven years."

■ Section 7, subdivision 1, states: " 'willfully,' . . . implies simply a purpose or willingness to commit the act . . . referred to. It does not require any intent to violate law, or to injure another, or to acquire any advantage." "Maliciously" is defined as "a wish to vex, annoy, or injure another person, or an intent to do a wrongful act, established either by proof or presumption of law." (§ 7, subd. 4.) Conviction under a statute proscribing conduct done "willfully and maliciously" does not require proof of a specific intent. (See *People v. Atkins* (2001) 25 Cal.4th 76, 85 [104 Cal.Rptr.2d 738, 18 P.3d 660].)

■ Section 245, subdivision (a)(2), punishes "[a]ny person who commits an assault upon the person of another with a firearm." Assault is defined as "an unlawful attempt, *coupled with a present ability,* to commit a violent injury on the person of another." (§ 240, italics added.) "Once a defendant

has attained the means and location to strike immediately he has the 'present ability to injure.' " (*People v. Valdez* (1985) 175 Cal.App.3d 103, 113 [220 Cal.Rptr. 538] (*Valdez*).)

The Attorney General argues assault with a firearm is not a lesser included offense of shooting at another person from a vehicle because the latter offense (unlike assault) does not require that the perpetrator have a present ability to commit a violent injury on another person. We agree.

■ "In construing a statute, our role is to ascertain the Legislature's intent so as to effectuate the purpose of the law. [Citation.] In determining intent, we must look first to the words of the statute because they are the most reliable indicator of legislative intent. [Citation.] If the statutory language is clear and unambiguous, the plain meaning of the statute governs. [Citation.]" (*People v. Lopez* (2003) 31 Cal.4th 1051, 1056 [6 Cal.Rptr.3d 432, 79 P.3d 548].) In other words, if there is "no ambiguity or uncertainty in the language, the Legislature is presumed to have meant what it said," and it is not necessary to "resort to legislative history to determine the statute's true meaning." (*People v. Cochran* (2002) 28 Cal.4th 396, 400–401 [121 Cal.Rptr.2d 595, 48 P.3d 1148].)

■ Unlike the statutory definition of assault, the language of section 12034, subdivision (c), does not require that one who shoots at someone from inside a vehicle must have a present ability to cause that person violent physical injury. Section 240, which defines assault, has not been amended since its enactment in 1872. (*People v. Williams* (2001) 26 Cal.4th 779, 784 [111 Cal.Rptr.2d 114, 29 P.3d 197].) "[T]he Legislature is deemed to be aware of existing laws and judicial decisions in effect at the time legislation is enacted and to have enacted and amended statutes ' " in the light of such decisions as have a direct bearing upon them." ' [Citations.]" (*People v. Overstreet* (1986) 42 Cal.3d 891, 897 [231 Cal.Rptr. 213, 726 P.2d 1288].) " 'Where a statute, with reference to one subject contains a given provision, the omission of such provision from a similar statute concerning a related subject is significant to show that a different intention existed.' [Citation.]" (*Richfield Oil Corp. v. Crawford* (1952) 39 Cal.2d 729, 735 [249 P.2d 600].) Thus, when the Legislature added subdivision (c) to section 12034 in 1987 (Stats. 1987, ch. 1147, § 3, p. 4059; see Historical and Statutory Notes, 51D West's Ann. Pen. Code (2000 ed.) foll. § 12034, p. 280), it presumably was aware of the present-ability requirement in the closely related assault statute, but intended to omit it as an element of the shooting offense.

A similar claim—that assault with a deadly weapon is included in the analogous crime of willfully and maliciously discharging a firearm at an occupied vehicle—has been made and rejected. (*In re Daniel R.* (1993) 20

Cal.App.4th 239, 247 [24 Cal.Rptr.2d 414] (*Daniel R.*); *People v. Spence* (1970) 3 Cal.App.3d 599, 603 [83 Cal.Rptr. 711] (*Spence*), disapproved on other grounds in *People v. Rocha* (1971) 3 Cal.3d 893, 899, fn. 8 [92 Cal.Rptr. 172, 479 P.2d 372].) Vehicle Code section 23110, former subdivision (b), then provided that " 'Any person who with intent to do great bodily injury maliciously and wilfully throws or projects any rock, brick, bottle, metal or other missile, or projects any other substance capable of doing serious bodily harm, *or discharges a firearm at such vehicle or occupant thereof* is guilty of a felony . . . .' " (*Spence, supra,* 3 Cal.App.3d at p. 602, italics added.)

*Spence, supra,* 3 Cal.App.3d 599, held that unlike assault with a deadly weapon, the willful and malicious discharge of a firearm at a vehicle does not contain the element of the present ability to commit a violent injury. Comparing the texts of the Vehicle Code and assault statutes, the court reasoned, "The Vehicle Code violation is limited to attacks aimed at vehicles or their occupants, but it does not require in its commission . . . the present ability to commit a violent injury. The phrase 'capable of doing serious bodily harm' in the Vehicle Code section refers to a quality of the missile or the substance which is thrown or projected. The statute does not seem to require that the person throwing it have the present ability to inflict the injury, even though he is using a dangerous missile with intent to injure."[2] (*Spence, supra,* 3 Cal.App.3d at p. 603.)

Also relying on the words of the applicable statutes, the court in *Daniel R.* stated, "This element of the offense of assault [the present ability to commit a violent injury on another] does not appear to be necessary to a conviction of maliciously discharging a firearm at an occupied vehicle [under section 246]." (*Daniel R., supra,* 20 Cal.App.4th at p. 247.) Section 246 contains language similar to section 12034, subdivision (c). It provides, in pertinent part, that "Any person who shall maliciously and willfully discharge a firearm at an . . . occupied motor vehicle . . . is guilty of a felony . . . ." The court reasoned, "If one can violate section 246 while discharging a firearm at

---

[2] A 1976 amendment to Vehicle Code section 23110, subdivision (b), deleted the language "or discharges a firearm." (Stats. 1976, ch. 1119, § 2, p. 5023.) The provisions relating to the discharge of a firearm formerly covered by Vehicle Code section 23110 were added to Penal Code section 246 in 1976. (See Historical and Statutory Notes, 67 West's Ann. Veh. Code (2000 ed.) foll. § 23110, p. 332; Historical and Statutory Notes, 48 West's Ann. Pen. Code (1999 ed.) foll. § 246, p. 170.)

The legislative history of section 12034 indicates that the Legislature patterned subdivision (c) of that section on section 246. A Senate Committee on the Judiciary report on the legislation that added subdivision (c) in its current form stated, "Penal Code § 246 provides for a penalty of 3, 5, or 7 years in state prison, or at least 6 months in county jail, for maliciously and willfully discharging a firearm at an occupied vehicle. [¶] This bill [Assem. Bill 766] would establish a 3, 5, or 7 year straight felony for firing a firearm *from* a motor vehicle at a person." (Sen. Com. on Judiciary, Analysis of Assem. Bill No. 766 (1987–1988 Reg. Sess.) as amended July 1987, p. 4.)

a vehicle at a location beyond the reasonable range or striking distance of a human target, it appears one may violate section 246 without having the 'present ability' to inflict an injury on the person of another." (*Daniel R., supra*, 20 Cal.App.4th at p. 247.) Consequently, *Daniel R.* concluded that assault with a deadly weapon is not necessarily included in the crime of willfully and maliciously discharging a firearm at an occupied vehicle. (*Ibid.*)

In this case, the Court of Appeal correctly relied on the fact that the language of section 12034, subdivision (c), does not impose a present-ability requirement. Instead, as the court noted, "The offense of shooting from a vehicle under section 12034, subdivision (c) requires that the perpetrator shoot from inside a vehicle 'at' someone who is not inside a vehicle, and do so willfully and maliciously. (§ 12034, subd. (c).) Webster's Third New International Dictionary (1993) at page 136 states the term 'at' is 'used as a function word to indicate that which is the goal of an action or that toward which an action or motion is directed.' The word 'at' does not necessarily connote immediate presence or a location necessarily within striking distance of an intended target."

On the other hand, *Edward G., supra*, 124 Cal.App.4th 962—in holding that assault with a firearm is necessarily included in the offense of shooting at another person from a vehicle—ignored the statutory language, i.e., the absence of an express present-ability requirement in the latter offense. Rather, the Court of Appeal simply relied on *Valdez, supra*, 175 Cal.App.3d 103. It stated: "We find the reasoning of *Valdez* persuasive. We conclude that it follows from *Valdez* that a person who violates section 12034, subdivision (c), necessarily has the present ability to commit a violent injury on the person of another." (*Edward G., supra*, 124 Cal.App.4th at p. 969.) *Edward G.* further concluded that "It is not possible to 'willfully and maliciously [discharge] a firearm' 'at another person' (§ 12034, subd. (c)) without attempting 'to commit a violent injury on the person of another' 'with a firearm' while having a 'present ability' to do so (§§ 240, 245, subd. (a)(2))." (*Edward G., supra*, 124 Cal.App.4th at p. 968.)

However, *Edward G.*'s reliance on *Valdez* is misplaced for several reasons. First, *Valdez* did not involve the offense of shooting at another person from a vehicle (§ 12034, subd. (c)), but dealt with whether substantial evidence supported the defendant's assault with a firearm conviction (§ 245, subd. (a)(2)). There, the issue was whether the present-ability-to-injure element of the crime of assault was satisfied; the defendant fired three rounds from a loaded gun at the victim who, unbeknownst to the defendant, was behind a bulletproof window. *Valdez* concluded that an assault had occurred because the defendant fired three rounds from a fully operational, loaded gun in the direction of the victim who was "easily within striking distance."

(*Valdez, supra,* 175 Cal.App.3d at p. 113.) "Once a defendant has attained the means and location to strike immediately he has the 'present ability to injure.' . . . [T]he victim's avoidance or preventive measures would not alter the fact the defendant had acquired the means and maneuvered into a location to immediately injure his victim." (*Ibid.*) Thus, *Valdez* addressed the scope of the present-ability element *only* in the context of the crime of assault with a firearm, without addressing the elements of the offense of shooting at another person from a vehicle.

Second, *Edward G.* misread *Valdez.* Quoting from *Valdez, Edward G.* reasoned: "If a perpetrator is in a position to fire 'at' a person, his or her gun is loaded, and he or she actually discharges it at the person, then the perpetrator necessarily has 'maneuvered himself into such a location and equipped himself with sufficient means that he *appears* to be able to strike immediately at his intended victim.' (*People v. Valdez, supra,* 175 Cal.App.3d at p. 112.)" (*Edward G., supra,* 124 Cal.App.4th at p. 969, italics added.) Thus, it seems that *Edward G.* focused on the *appearance* of the ability to strike.

Although *Valdez* used the word "appears," other language in the opinion makes clear that a necessary requirement of "present ability" is the *attainment* of the means and location to strike immediately. (*Valdez, supra,* 175 Cal.App.4th at pp. 112–113 ["acquired the means to inflict serious injury and positioned themselves within striking distance"; "attained the means and location to strike immediately"; "acquired the means and maneuvered into a location to immediately injure his victim"]; see also *People v. Colantuono* (1994) 7 Cal.4th 206, 219 [26 Cal.Rptr.2d 908, 865 P.2d 704] [" 'Holding up a fist in a menacing manner, drawing a sword, or bayonet, presenting a gun at a person *who is within its range,* have been held to constitute an assault' " (italics added)].) Even if one who discharges a firearm at another person "necessarily has 'maneuvered himself into such a location and equipped himself with sufficient means that he *appears* to be able to strike immediately at his intended victim' " (*Edward G., supra,* 124 Cal.App.4th at p. 969, italics added), it does not necessarily follow that a perpetrator who is in a position to shoot "at" another person *can* strike his target if, for example, the target is too far away. As the Court of Appeal in this case reasoned, the word "at" in the phrase "discharges a firearm from a motor vehicle at another person" (§ 12034, subd. (c)), does not necessarily connote immediate presence or a location necessarily within striking distance of an intended target. We disapprove *Edward G.* to the extent it is inconsistent with this opinion. (*In re Edward G., supra,* 124 Cal.App.4th 962.)

Accordingly, we conclude that the crime of assault with a firearm (§ 245, subd. (a)(2)) is not a lesser included offense of shooting at another

person from a vehicle (§ 12034, subd. (c)). Thus, the trial court did not err in failing to instruct the jury sua sponte on the offense of assault with a firearm.

## III. DISPOSITION

For the reasons stated above, we affirm the judgment of the Court of Appeal.

George, C. J., Kennard, J., Baxter, J., Werdegar, J., Moreno, J., and Corrigan, J., concurred.