Filed 8/8/23  P. v. Morales CA4/2

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

# IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FOURTH APPELLATE DISTRICT

## DIVISION TWO

| | |
|---|---|
| THE PEOPLE, | |
| Plaintiff and Respondent, | E079385 |
| v. | (Super.Ct.No. INF1901475) |
| JOSE ANTONIO MORALES, | OPINION |
| Defendant and Appellant. | |

APPEAL from the Superior Court of Riverside County.  Valerie A. Navarro, Judge.  Affirmed.

Robert L.S. Angres, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Charles C. Ragland, Assistant Attorney General, Melissa Mandel, Genevieve Herbert and Elana W. Miller, Deputy Attorneys General, for Plaintiff and Respondent.

1

A jury convicted Jose Antonio Morales of committing numerous sex offenses against his minor granddaughter, including one count of sexual penetration of a child 10 years old or younger. (Pen. Code, § 288.7, subd. (b) (§ 288.7(b)); unlabeled statutory references are to this code.) On appeal, Morales argues that the trial court prejudicially erred by failing to instruct the jury on *attempted* sexual penetration of a child that age. We conclude that there was no error and affirm.

BACKGROUND

A. *Family Background and Criminal Charges*

Jane Doe was born in September 2009. In 2018, when Doe was eight, her family moved in with her maternal grandparents. According to Doe, she and her brother slept on a mattress on the floor in their grandparents' bedroom.

Morales was charged with the following offenses alleged to have occurred between September 11, 2017, and August 2019: (1) one count of sexual penetration of Doe when she was 10 years old or younger under section 288.7(b); (2) four counts of lewd and lascivious conduct under section 288, subdivision (a), against Doe, while she was under the age of 14; and (3) one count of continuous sexual abuse of a child under the age of 14 under section 288.5.

B. *Discovery of Bruising on Doe's Breasts*

On August 19, 2019, Adriana L., Doe's mother, walked into the bathroom when Doe was preparing to shower. Doe was naked. Adriana noticed bruising on Doe's

breasts on or near her nipples. Adriana described the bruises as looking like "hickeys" and being "kind of reddish, changing to purplish" and "kind of fading."

Adriana asked Doe what had happened. Doe first told Adriana that she ran into a desk at school. Upon further questioning, Doe disclosed that Morales had caused the bruising.

Adriana took Doe to another family member's house and called law enforcement. Law enforcement arrived and spoke with Adriana and Doe. Adriana relayed what Doe had told her. Doe told a law enforcement officer that her grandfather had done "bad things to her" over the past year, with the last incident occurring seven days earlier.

Law enforcement took Doe to be interviewed by a child forensic interviewer that night. While in the patrol car on the way to that interview, Adriana asked Doe if Morales had touched Doe anywhere else on her body. Doe told Adriana that Morales had touched her "in the area where she goes pee." The interview was rescheduled.

C. *Forensic Interview*

The next day, Doe was interviewed by Barbara Castro, a child forensic interviewer. Doe told Castro that her grandfather would "touch [her] parts" and "do a lot of things to" her and that he had been doing so about three times per week for the preceding year. The touching began when Doe was eight years old and ended when she was nine years old.

Morales touched and grabbed Doe's breasts and nipples with his hand underneath her bra. Morales also bit her breasts on more than one occasion. Doe believed Morales had last bitten her breasts the "week before last."

In addition, Doe said that on more than one occasion Morales had grabbed her "down parts," which Doe explained meant the part of her body from which she urinates. Morales touched that part of Doe's body with his hand over and under her clothing and underwear. Doe did not know how to describe the specific body part that Morales had touched. Castro explained to Doe that the "part of pee has" "different parts," including "the thing on top," "the line where we clean ourselves," and "then there's inside, from where the pee comes out." After Castro described the differences, Doe said that Morales had used his hand or fingers to touch the part "from where [her] urine comes out" under her clothes.

D. *Forensic Medical Examination*

On the same day as the forensic interview, a forensic pediatrician examined Doe. Doe had bruises on both of her nipples. The bruising was consistent with someone biting Doe's nipples. The doctor did not find any injuries in Doe's genital region. The doctor explained that she would not expect to see any findings in the vaginal area of a nine-year-old who alleged that her vagina had been penetrated with a finger more than 72 hours before the examination, because superficial vaginal injuries would heal completely within that timeframe.

E. *Doe's Testimony*

Doe testified that Morales touched her breasts with his hands when she was not wearing a shirt, and he also bit both breasts. Morales bruised Doe's breasts by biting them.

Doe testified that Morales had also touched "[i]n [her] intimate parts." Doe confirmed that she was referring to the part of her body she uses when she urinates. Morales removed her pants and underwear and touched her "intimate part" with his hand. Asked by the prosecutor to describe where on her "intimate parts" Morales had touched, Doe stated that Morales had touched her "[o]n the outside," "[w]here the pee comes from." Morales did this more than once. The prosecutor asked Doe whether Morales would "ever touch [her] on the inside of [her] intimate part," and Doe responded that she did not remember.

Doe remembered speaking to Castro but could not recall what she told Castro. The prosecutor asked Doe whether she recalled telling Castro that Morales "touched [her] on [her] intimate parts from inside where you pee," and Doe responded, "A little bit." Doe testified that she had told Castro the truth.

F. *Morales's Jailhouse Calls*

Morales called Adriana from jail. In a telephone call in December 2021, Morales asked Adriana to forgive him. Adriana told him that she already had but that "what happened was bad." Morales responded, "Yeah."

5

In another telephone call one week before trial, Morales told Adriana: "If the girl says that I, I, if the[] girl says that I, I don't touch her there, down there, they're going to release me, and if not, they're going to give me a life sentence." Morales added: "If she were to say that (unintelligible) if she were to say that I only touched her chest, they're going to leave me, they're only going to give me five years." Adriana told Morales that she could not discuss the matter with him and that she did not know what Doe told law enforcement.

G. *Morales's Testimony*

Morales testified that when Doe was nine years old, he touched Doe's breasts and vagina for the purpose of sexual arousal and because he was sexually attracted to those parts of Doe's body. He touched, fondled, and rubbed Doe's breasts over and under her clothing approximately twice weekly for over one month and less than six months. He once put his mouth on both of Doe's breasts on the outside of her nipples and "started to kiss them." He denied that he ever bit Doe's breasts or left marks on them.

Morales admitted that he once touched Doe's bare vagina under her clothes with his bare hand and "rubbed" for one or two seconds. He clarified that he had touched "[t]he front outside part" of Doe's vagina, but he could not describe what that part of the body looked like. He explained that he had touched Doe's vagina "on the outside only" and did not touch it "on the inside" with his hand or anything else.

Morales also admitted touching Doe's vagina over her clothes about two or three times. The prosecutor asked Morales why he had touched Doe's "vagina again over her

6

clothes." Morales answered, "She wouldn't let me do it under." Morales explained that Doe "would move [his] hand." Morales confirmed that when he tried "to go inside [Doe's] pants" Doe took his "hand and remove[d] it." Doe did not say anything to him, nor did he say anything to her. After Doe moved Morales's hand, he "put [his] hand on top of her clothing on her vagina," and she did not move it.

Morales said that he had some unspecified but diagnosed mental or physical condition that made it "difficult to remember things," particularly the details of what had happened. He conceded that it was possible that he had put his mouth on Doe's breasts more than once and "touched her vagina on the outside" more than once but could not remember. Despite the issues with his memory, Morales said he "would remember something like putting [his] finger in [Doe's] vagina." Asked by the prosecutor if he might have touched Doe's "vagina on the inside" but forgotten given his memory issues, Morales responded, "No. No. I don't know."

DISCUSSION

Morales did not request, and the trial court did not give, an instruction on the lesser included offense of attempted sexual penetration of a child 10 years old or younger. Morales nevertheless argues that the trial court prejudicially erred by failing to give the jury such instruction sua sponte. We find no error.

A trial court has a sua sponte duty to instruct on lesser included offenses "if there is substantial evidence the defendant is guilty of the lesser offense, but not the charged offense." (*People v. Breverman* (1998) 19 Cal.4th 142, 177.) The obligation does not

7

arise "when there is no evidence that the offense was less than that charged" (*id.* at p. 154), and the evidence shows only that "the defendant is either guilty of the offense charged or not guilty at all" (*People v. Anderson* (1979) 97 Cal.App.3d 419, 425 (*Anderson*)). "In deciding whether evidence is 'substantial' in this context, a court determines only its bare legal sufficiency, not its weight" (*Breverman*, *supra*, at p. 177) and thus does "not evaluate the credibility of witnesses" (*id.* at p. 162). The duty to instruct on lesser included offenses "arises even against the defendant's wishes, and regardless of the trial theories or tactics the defendant has actually pursued. Hence, substantial evidence to support instructions on a lesser included offense may exist even in the face of inconsistencies presented by the defense itself." (*Id.* at pp. 162-163.) We independently review a trial court's failure to instruct on a lesser included offense. (*People v. Licas* (2007) 41 Cal.4th 362, 366.)

The parties agree, and we concur, that attempted sexual penetration of a child 10 years old or younger is a lesser included offense of the charged completed crime. (See *People v. Ngo* (2014) 225 Cal.App.4th 126, 157 (*Ngo*) [attempted sexual penetration of a child 10 years old or younger is a lesser included offense of the completed offense].)

Section 288.7(b) provides: "Any person 18 years of age or older who engages in oral copulation or sexual penetration, as defined in Section 289, with a child who is 10 years of age or younger is guilty of a felony and shall be punished by imprisonment in the state prison for a term of 15 years to life." "'Sexual penetration' is the act of causing the penetration, however slight, of the genital or anal opening of any person . . . for the

purpose of sexual arousal, gratification, or abuse by any foreign object, substance, instrument, or device, or by any unknown object." (§ 289, subd. (k)(1); *People v. Quintana* (2001) 89 Cal.App.4th 1362, 1364 ["'sexual penetration'" under § 289, subd. (k)(1), "refers to penetration of the labia majora, rather than penetration of the vagina"].) The crime of sexual penetration of a child 10 years old or younger is a specific intent crime because it "require[s] the act of penetration 'to be done with the intent to gain sexual arousal or gratification or to inflict abuse on the victim.'" (*People v. ZarateCastillo* (2016) 244 Cal.App.4th 1161, 1167.)

"An attempt to commit a crime consists of two elements: a specific intent to commit the crime, and a direct but ineffectual act done toward its commission." (§ 21a.) Attempted sexual penetration of a child 10 years old or younger "is distinguished from the completed crime only by the failure to complete the actus reus." (*Ngo*, *supra*, 225 Cal.App.4th at p. 157.)

An attempted sexual penetration instruction would be required in this case only if the record contained substantial evidence from which a reasonable jury could conclude that Morales intended to sexually penetrate Doe and attempted to do so but did not complete the attempt. (See *People v. Holt* (1997) 15 Cal.4th 619, 674 [no error in failing to instruct on lesser included offense of attempted rape given that "[t]here was no evidence that defendant intended to commit rape but was unsuccessful in the attempt"].) Morales argues that there was substantial evidence that he committed the attempt offense because he "testified that while he touched the exterior portions of [Doe's] vagina, he

never penetrated the same when he did so." We agree with Morales's characterization of the evidence but reject the argument.

There was no evidence that Morales intended and attempted to sexually penetrate Doe but was unsuccessful. Instead, according to the most favorable evidence to Morales on this issue, Morales touched and rubbed the outer portion of Doe's genitalia. There is no evidence supporting a reasonable inference that when Morales touched and rubbed "[t]he front outside part" of Doe's vagina he intended to and was attempting to penetrate Doe but somehow failed. (Cf. *Ngo*, *supra*, 225 Cal.App.4th at p. 157 [the evidence was "consistent with the possibility that [the] defendant attempted to penetrate [the victim], but that [the m]other interrupted the attempt when she walked into the room"].) Rather, the evidence as a whole could support an inference that Morales did not intend to, did not attempt to, and did not penetrate Doe, or the evidence could support the inference drawn by the jury—that Morales intended to and did penetrate Doe. But there is no basis in the record for a finding that Morales intended to penetrate Doe and attempted to but did not complete the attempt.

In his reply brief, Morales contends that the evidence that Doe would not allow Morales to put his hand inside her clothes supports a reasonable inference that he attempted to sexually penetrate Doe but was thwarted. The argument fails because the record still does not contain substantial evidence that Morales was guilty of attempt but not guilty of the completed crime. Morales admitted touching and rubbing Doe's vagina under her clothes, and there is no evidence that she removed his hand on that occasion or

10

that his conduct was otherwise interrupted.  There is consequently no evidence from which a reasonable jury could infer that Morales intended to and was attempting to penetrate Doe but failed.

Because there was no evidence that Morales attempted, but failed to complete, sexual penetration, we conclude that the trial court did not err by not instructing the jury on attempted sexual penetration.  On this record, Morales was either guilty of the charged offense of sexually penetrating a child 10 years old or younger (§ 288.7(b)) "or not guilty at all."  (*Anderson*, *supra*, 97 Cal.App.3d at p. 425.)

DISPOSITION

The judgment is affirmed.

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

MENETREZ
J.

We concur:

MILLER
Acting P. J.
CODRINGTON
J.

11