Filed 2/6/25  P. v. Gribaldo CA1/3

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION THREE

|  |  |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>RAYMOND CHASE GRIBALDO,<br><br>    Defendant and Appellant. | A169635<br><br>(Mendocino County<br>Super. Ct. No. 23CR01393) |

A jury convicted Raymond Chase Gribaldo of cemetery vandalism, a felony.  The trial court suspended imposition of sentence, and it ordered him to spend 24 months on formal probation and 60 days in county jail.  On appeal, Gribaldo argues the court prejudicially erred by failing to instruct the jury on simple vandalism and petty theft as lesser included misdemeanors.  We disagree and affirm.

## BACKGROUND

Gribaldo and B.K. were friends, but they had a falling out in June 2023.  In mid-June, he contacted B.K. via Facebook and sent her three videos, which were played for the jury.  The first video depicts him in a cemetery, apparently urinating on the grave of B.K.'s mother and on her "headstone."  He added text to the video: "That nigga don't wanna fade so ask her mom if she likes the golden shower."  Another video shows the headstone on a car seat, and the added text reads: "Got her head stone too."  The third video

1

depicts him in his backyard, standing on top of the headstone. After B.K. reported the videos to law enforcement, a sheriff's deputy spoke with her, watched the videos, and went to the cemetery, where he found the headstone "broken into several pieces" with an embedded plaque detached. The deputy arrested Gribaldo, who admitted he "pissed on [B.K.'s] mom's grave and I–I stole her mom's . . . [g]ravestone." When asked how the headstone was broken, he said, "probably me throwing it back over there on to [the grave]." He also admitted to filming himself and placing the videos on Facebook to make sure B.K. saw them.

The district attorney charged Gribaldo with cemetery vandalism. (Pen. Code, § 594.35, subd. (a) (section 594.35(a)); undesignated statutory references are to this code.) The information alleged he "did unlawfully and maliciously destroy, cut, mutilate, efface and otherwise injure, tear down and remove a tomb, monument, memorial, and marker in a cemetery, and a gate, door, fence, wall, post and railing, and any inclosure for the protection of a cemetery and mortuary and any property in a cemetery and mortuary, to wit: headstone of [B.K.'s mother]."

At trial, video and photo exhibits depicted the headstone before and after Gribaldo "desecrated" it. It was heart-shaped and made of cement-like material; measured approximately 18 inches across; and embedded in it was a plaque bearing the deceased's face, name, years of birth and death, and an inscription reading, "beautiful now and forever." (Capitalization omitted.) B.K. testified the headstone was homemade because the family "couldn't afford an actual headstone" and — although her mother died in December

2

2014 — they placed it at the gravesite in March 2023.[1]  Every witness — including Gribaldo — used the word "headstone" to refer to the item.

At trial, Gribaldo admitted taking the headstone from the cemetery and bringing it home for no more than one hour.  He said he lied to the deputy when he said he "pissed" on the grave and explained he instead "popped a hole in a water bottle" to simulate urination.  He also expressed doubt that his act of "toss[ing]" the headstone caused it to break.

The jury convicted Gribaldo of cemetery vandalism.  The trial court suspended imposition of sentence, and it ordered him to spend 24 months on formal probation and 60 days in county jail.

## DISCUSSION

Gribaldo argues the trial court prejudicially erred by failing to instruct the jury on two lesser included misdemeanors — vandalism (§ 594, subd. (a)) and petty theft (§ 484).  We disagree.

"Under California law, trial courts must instruct the jury on lesser included offenses of the charged crime if substantial evidence supports the conclusion that the defendant committed the lesser included offense and not the greater offense." (*People v. Gonzalez* (2018) 5 Cal.5th 186, 196.) "Whether a trial court commits error by omitting an instruction on a lesser included offense depends not only on whether the evidence supports the possible commission of an alternative crime, but whether that alternative crime constitutes a 'lesser included offense' as we have defined it." (*Id.* at p. 197.)  Courts employ two tests to determine whether an uncharged crime is a lesser included offense of a greater offense: the elements test and the accusatory pleading test. (*Ibid.*)  Under the former, "one offense is

[1] Also at the gravesite was an affixed, metallic marker bearing the deceased's name and years of birth and death.

3

another's 'lesser included' counterpart if all the elements of the lesser offense are *also* elements of the greater offense." (*Ibid.*)  Under the latter, "a crime is another's 'lesser included' offense if all of the elements of the lesser offense are also found in the *facts alleged* to support the greater offense in the accusatory pleading." (*Ibid.*)  We independently review " 'the failure by the trial court to instruct on an assertedly lesser included offense.' " (*People v. Licas* (2007) 41 Cal.4th 362, 366.)

The elements of the offenses are as follows.  First, cemetery vandalism requires the prosecution prove the defendant maliciously destroyed, cut, mutilated, effaced, or otherwise injured, tore down, or removed any tomb, monument, memorial, or marker in a cemetery, or any gate, door, fence, wall, post, or railing, or any enclosure for the protection of a cemetery or mortuary or any property in a cemetery or mortuary.  (§ 594.35(a).)  Next, misdemeanor vandalism requires the prosecution prove (1) the defendant maliciously defaced, damaged, or destroyed real or personal property, and (2) the defendant did not own the property or owned it with someone else.  (CALCRIM No. 2900.)  Last, misdemeanor petty theft requires the prosecution prove the defendant (1) took possession of property owned by someone else; (2) took the property without the owner's consent; (3) intended, when the property was taken, to deprive the owner of it permanently or to remove it for so extended a period of time that the owner would be deprived of a major portion of its value or enjoyment; and (4) moved the property, even a small distance, and kept it for any period of time, however brief.  (CALCRIM No. 1800.)

Gribaldo contends that — under either the elements or the accusatory pleading test — misdemeanor vandalism and petty theft are lesser included

4

offenses of cemetery vandalism.[2]  The Attorney General disagrees.  We need not resolve this dispute because we conclude there was no substantial evidence from which a jury could reasonably conclude Gribaldo committed the uncharged offenses but not cemetery vandalism.  (*People v. Gonzalez*, *supra*, 5 Cal.5th at p. 196.)

In urging a different conclusion, Gribaldo contends there was substantial evidence from which a reasonable jury could have concluded the headstone did not constitute a "monument, memorial, or marker" within the meaning of section 594.35(a).  We are unpersuaded.  Gribaldo notes that — in addition to the headstone — there was an affixed grave marker.  He also observes the headstone was homemade and placed at the grave several years after B.K.'s mother died.  Finally, he sees as relevant the fact that the headstone was placed alongside other things — "a decorative translucent bowl with an embossed butterfly, several small white figurines, a lidded turquoise pot, and some flowers" — and queries, "Which of these was a 'monument, memorial, or marker'?"

It was undisputed that the item at issue was a "headstone."  The family placed the headstone on the grave of B.K.'s mother after making it because they could not afford to purchase one.  It bore the name, likeness, and dates of birth and death of B.K.'s mother, as well as an inscription.  In the video in

---

[2] When the information's allegations track the statutory language of the charged offense, only the elements test need be used.  (*People v. Licas*, *supra*, 41 Cal.4th at p. 366.)  Here, the information generally tracks section 594.35(a), but the latter uses the disjunctive "or" (e.g., "[d]estroys, cuts, mutilates, effaces, *or* otherwise injures, tears down, *or* removes" (italics added)), while the former uses the conjunctive "and" (e.g., "destroy, cut, mutilate, efface *and* otherwise injure, tear down *and* remove" (italics added)).  Given our resolution of Gribaldo's claim, we need not decide whether the accusatory pleading test applies under these circumstances.

which Gribaldo recorded himself "urinating" on the grave, the headstone can be seen in a place of prominence, nestled amongst rocks, and bigger than the affixed marker. Given this record, no jury could reasonably conclude the headstone did not constitute a "monument, memorial, or marker" within the meaning of section 594.35(a). (The Random House Dict. of the English Language (1973) p. 894 [memorial is "something designed to preserve the memory of a person, event, etc., as a monument"]; *People v. Gonzalez*, *supra*, 5 Cal.5th at p. 196.) The fact that there also was an affixed marker and that the family placed the headstone at the gravesite several years after B.K.'s mother died is not substantial evidence from which a jury could reasonably conclude Gribaldo committed the uncharged offenses but not cemetery vandalism. (*People v. Avila* (2009) 46 Cal.4th 680, 705 ["substantial evidence requirement is not satisfied by ' "*any* evidence . . . no matter how weak" ' "]; *People v. Wilson* (2021) 11 Cal.5th 259, 298.)

## DISPOSITION

The judgment is affirmed.

_____
RODRÍGUEZ, J.

WE CONCUR:


_____
FUJISAKI, Acting P. J.


_____
PETROU, J.

A169635; *People v. Gribaldo*