Filed 3/5/14  P. v. Lee CA4/1

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

COURT OF APPEAL, FOURTH APPELLATE DISTRICT

DIVISION ONE

STATE OF CALIFORNIA

| | |
|---|---|
| THE PEOPLE, | D064086 |
| Plaintiff and Respondent, | |
| v. | (Super. Ct. No. SCN308134) |
| ANTHONY MARQUIZES LEE, | |
| Defendant and Appellant. | |

APPEAL from a judgment of the Superior Court of San Diego County, Harry M. Elias, Judge. Affirmed.

Patrick J. Hennessey, Jr., under appointment by the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Dane R. Gillette, Chief Assistant Attorney General, Julie L. Garland, Assistant Attorney General, Charles C. Ragland and Stacy Tyler, Deputy Attorneys General, for Plaintiff and Respondent.

A jury convicted Anthony Marquizes Lee of robbery (Pen. Code,[1] § 211). The jury also found Lee committed the crime in an inhabited dwelling, qualifying it as robbery in the first degree (§ 212.5 subd. (a)). The jury deadlocked over whether Lee used a firearm to accomplish the crime (§ 12022.5 subd. (a)). The court sentenced Lee to prison for 13 years.[2]

Lee argues on appeal that the trial court committed prejudicial error by failing: (1) to instruct the jury on the lesser included offense of theft; and (2) to strike his prior felony conviction. We reject both contentions. As we explain, because the record demonstrates there was a lack of substantial evidence to support Lee's theory of theft, the court properly exercised its discretion not to instruct the jury on that offense. Additionally, the trial judge's decision not to strike Lee's prior conviction was reasonable given the crimes were close in time and both involved acts of violence. The trial court's judgment is, therefore, affirmed.

FACTUAL AND PROCEDURAL BACKGROUND

Everardo Vazquez posted an ad on Craigslist to sell a video game system (system). Lee answered Everardo's ad by texting the cell phone of Everardo's older brother, Aurelio Vazquez. When Lee came to the Vazquez house, Everardo answered the door. Aurelio was playing a computer game with headphones half on. Lee seemed "anxious" and "in a

---

[1]    Statutory references are to the Penal Code unless otherwise specified.

[2]    Due to Lee's criminal history, including a prior serious felony resulting in a strike conviction (§ 246), the court doubled Lee's sentence from four to eight years (§ 667, subd. (c)) and then added a five-year enhancement (§ 667, subd. (a)(1)).

hurry." Lee inspected the system and then told Everardo he was going to his car to get his money.

When Lee returned, he surprised Everardo because he did not knock but just barged into the apartment. Aurelio heard what sounded like an argument. Everardo gave the boxed-up system to Lee, who said, "let me give you my money." Lee instead pulled out a handgun, pointed it at Everardo's face, and said, "Don't follow me nigger. Don't follow me motherfucker." Everardo thought Lee was going to shoot. Everardo did not attempt to stop or follow Lee because Everardo was scared.

After Lee left, Everardo told Aurelio that Lee had pulled a gun on him. Aurelio described Everardo as appearing shocked and scared. Aurelio feared that Lee would return, so he closed the blinds to the apartment and locked the doors. After 30 minutes, Aurelio called their older sister Elizabeth, who advised him to call the police. The investigating police officers and two neighbors confirmed that immediately after the crime the Vazquez brothers appeared worried and frightened.

Lee's witness, Peyton Smith, testified he picked Lee up in Temecula and drove him to the Vazquez home in Escondido. Smith parked the vehicle facing away from the Vazquez residence. When asked if Lee was carrying a gun he said, "Heck no. He didn't have a weapon. I don't have anybody in my car with a weapon." However, Smith admitted he did not check Lee for a weapon.

Smith testified that when Lee returned from the Vazquez's apartment, he got into Smith's car and put the system on his lap. According to Smith, Lee appeared "normal." Lee approached Smith's car casually and was not out of breath.

3

After both sides rested, the record reflects that the court raised the issue of lesser included offenses of attempted robbery and petty theft.  Defense counsel clearly stated she did not want an instruction on either lesser included offense.

DISCUSSION

*A.  Invited Error*

Lee summarily states "there was no invited error" with respect to the lesser included offense instruction of theft.  However, the record reflects the court informed defense counsel that lesser included offense instructions of attempted robbery and theft were available.  Because defense counsel clearly rejected such instructions as a matter of trial strategy, Lee is precluded from reversal on appeal.  (See *People v. Duncan* (1991) 53 Cal.3d 955, 969 (*Duncan*).)  The doctrine of invited error precludes a defendant from gaining a reversal on appeal for an error the defendant requests.  (*Ibid.*)  For invited error to apply, defense counsel must expressly object to the instruction as a matter of trial tactics and not out of ignorance or mistake.  (*Ibid*.)

Here, the court asked defense counsel twice if she wanted a lesser included offense instruction on either theft or attempted robbery and she declined the instruction both times.  It is reasonable to assume defense counsel declined the instruction because she wished to adopt an all-or-nothing tactical strategy.  (See *Duncan, supra,* 53 Cal.3d at p. 970; see also *People v. Bunyard* (1988) 45 Cal.3d 1189, 1235.)

*B.  Substantial Evidence Did Not Support a Theft Instruction*

Even if invited error did not preclude reversal, the failure to instruct the jury on theft was not prejudicial because substantial evidence did not support such an instruction.

4

In a criminal trial, the court ordinarily has the duty to instruct the jury on any lesser offense included in the offense charged and *shown* by the evidence. (*People v. Barton* (1995) 12 Cal.4th 186, 190.)

We apply a de novo standard of review to the failure of a trial court to instruct on a lesser included offense. (*People v. Licas* (2007) 41 Cal.4th 362, 366.) A trial court must instruct the jury sua sponte on a lesser included offense only if substantial evidence supports that instruction. (*Ibid.*) Substantial evidence is evidence from which a jury composed of reasonable persons could conclude the defendant committed the lesser offense instead of the greater. (*People v. Breverman* (1998) 19 Cal.4th 142, 162.)

Robbery requires that the defendant take by force or fear whereas theft simply requires that the defendant take without consent. (*People v. Ramkeesoon* (1985) 39 Cal.3d 346, 351.) Fear may be inferred from the circumstances of the crime. (*People v. Cuevas* (2001) 89 Cal.App.4th 689, 698.) The use of fear to retain property already in the perpetrator's possession and to facilitate escape constitutes robbery. (*People v. Gomez* (2008) 43 Cal.4th 249, 255.)

The essential issue in this appeal is whether substantial evidence existed at trial such that a reasonable jury could have convicted Lee of theft instead of robbery. Lee argues that because he approached Smith's car casually and appeared normal and because the jury was not convinced beyond a reasonable doubt that he used a gun, substantial evidence was present from which a jury could reasonably conclude he took the system without force or fear. We disagree.

5

Lee presents a theory of the case on appeal that he did not present at trial: that when Everardo handed him the boxed-up system and expected the agreed-upon money in return, Lee simply walked out the door and did not respond. Lee's evidence for this theory is that he returned to Smith's car casually and appeared normal. However, Lee points to no evidence in the record about what actually happened between he and Everardo. Any trier of fact is left to speculate about what occurred between the parties. (See *Duncan, supra,* 53 Cal.3d at pp. 970-971 [noting that where the appellant supports a new theory of the case on appeal with bare speculation, and which is completely contrary to the evidence presented, the appellant has not met the substantial burden standard].)

The prosecution presented overwhelming evidence that Lee used intimidation to prevent the Vazquez brothers from following him in his escape with the system, which runs completely contrary to Lee's theory of theft. (*Duncan, supra,* 53 Cal.3d at pp. 970-971.) The police investigator, Aurelio, Everardo, their neighbors, Margarita Rojas and Francisca Solis, all testified that the Vazquez brothers were genuinely terrified in the wake of their encounter with Lee. Everardo also testified Lee put a gun in his face and threatened "him." (See *People v. James* (1963) 218 Cal.App.2d 166, 170 [victim's testimony that she believed the robber had a gun along with her testimony that the robber threatened her was sufficient to establish fear].)

Smith's testimony that Lee's demeanor was normal or casual when he returned to the car, does not provide substantial evidence to require an instruction on theft. In any event, any omission was not prejudicial. If Lee did take the property in front of the victim, it is highly unlikely and unreasonable to believe the Vazquez brothers would

6

simply allow the appellant to leave their apartment with the system without attempting to chase after him or to get help. The victims' paralysis is only reasonably explained when one imports the presence of fear. This fear was the basis for Lee's underlying robbery conviction.

The fact that the jury was not sufficiently convinced of the presence of a handgun to convict the appellant of that offense does not provide additional evidence or discount existing evidence that Lee deprived the Vazquez brothers of their system through fear. Even though the jury was not convinced beyond a reasonable doubt that Lee used a handgun to accomplish his crime, they could reasonably use the evidence that Everardo believed Lee had accomplished the robbery through fear. (See *People v. Jackson* (1967) 253 Cal.App.2d 68, 74 [victim's testimony that he gave up money because he believed the defendant had a gun and that he was afraid was sufficient to establish fear].) Even excluding the presence of the handgun, however, the state presented an overwhelming amount of evidence demonstrating the Vazquez brothers feared Lee. Thus, the evidence that Lee appeared normal or casual after completing the crime is not substantial evidence from which a jury could reasonably conclude Lee committed theft instead of robbery.

## C. Discretionary Sentencing

Lee also contends the trial court erred when it failed to eliminate his prior strike for purposes of sentencing. A trial court has discretion to dismiss a prior strike conviction under section 1385 in the interests of justice, but only if it finds the circumstances of the present crime and the defendant's history "suggest" that the defendant should be deemed outside the scope of the three strikes law. (*People v.*

7

*Williams* (1998) 17 Cal.4th 148, 161.) A trial court's decision not to dismiss a strike conviction is reviewed for abuse of discretion. (*People v. Carmony* (2004) 33 Cal.4th 367, 376-377.) The appellant must show the trial court acted outside the bounds of reason. (*Ibid*.) In the context of a failure to strike, abuse of discretion may occur when the trial court was not aware of its discretion or when the court considered impermissible factors. (*Id.* at p. 378.) Permissible factors include: the defendant's background, character, and prospects, the nature of the past and present offenses, the defendant's sentence, and individualized considerations. (*People v. Zichwic* (2001) 94 Cal.App.4th 944, 959-960.)

Lee does not argue and has not shown that the trial court acted outside the bounds of reason, but simply suggests it had "more reasonable sentencing options." The trial court's sentencing option need only be reasonable, not the most reasonable. (See *People v. Strong* (2001) 87 Cal.App.4th 328, 332 [noting that because the three strikes law creates a presumption of attacking continuous or recurrent criminal behavior, the circumstances where no reasonable person could disagree that the criminal falls outside the spirit of the three strikes scheme must be extraordinary].)

Moreover, the trial court considered only permissible factors in making its decision. The court reviewed the probation officer's report, the appropriate moving papers, and Lee's sentence. (See *People v. Williams, supra,* 17 Cal.4th 148, 161.) It found that the most significant factors to deny Lee's motion to strike were the proximity and the nature of the two offenses. Lee has had an active criminal career in the five years since his strike conviction. He participated in a drive-by shooting, stole a car, and robbed

8

a minor.  Lee was still on probation when he committed the robbery in question.

Additionally, the manner in which Lee committed the robbery indicated planning and

violent conduct.  (Cal. Rules of Court, rule 4.421(a)(8) & (b)(1).)  Therefore, the trial

court reasonably concluded the prior serious felony was close enough in time and similar

enough in nature to use it in sentencing.

DISPOSITION

The judgment of the conviction is affirmed.

HUFFMAN, Acting P. J.

WE CONCUR:

McDONALD, J.

McINTYRE, J.