Filed 10/26/21  P. v. Raya-Pena CA5

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIFTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>PRIMITIVO RAYA-PENA,<br><br>    Defendant and Appellant. | F079564<br><br>(Super. Ct. No. PCF374035)<br><br>**OPINION** |

-ooOoo-

APPEAL from a judgment of the Superior Court of Tulare County.  Michael B. Sheltzer, Judge.

Gordon S. Brownell, under appointment by the Court of Appeal, for Defendant and Appellant.

Xavier Becerra, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Michael P. Farrell, Assistant Attorney General, Catherine Chatman, Harry Joseph Colombo, and Angelo S. Edralin, Deputy Attorneys General, for Plaintiff and Respondent.

-ooOoo-

Primitivo Raya-Pena was charged with committing various acts of sexual abuse against a minor on three separate occasions.  The jury acquitted him of most of the

charges but found him guilty of four crimes: knowingly distributing pornography to a minor, child molestation, and two related sexual assaults with intent to commit forcible oral copulation. This appeal concerns only the two assault convictions.

Raya-Pena raises two claims. First, he argues the second conviction for sexual assault is unsupported by evidence. The People concede and we accept the concession. Second, Raya-Pena contends the trial court erred by not instructing the jury with attempted nonforcible oral copulation—a lesser included offense—as an alternative to the sexual assault charges. The People do not dispute error but allege any error was harmless. We conclude Raya-Pena is correct.

As explained below, the record in this case contains slight evidence describing the force with which Raya-Pena committed sexual assault. The jury here should have been given an intermediate choice between guilt and acquittal, i.e., an option to find a crime was committed but force was not involved. That did not happen. Accordingly, we will reverse the judgment, and the People will have the option to retry one count of sexual assault or accept a reduction to attempted nonforcible oral copulation.[1]

## BACKGROUND

**Charges**

The Tulare County District Attorney charged Raya-Pena with numerous crimes occurring on three distinct dates. In the first incident, he was charged with committing sexual penetration by a foreign object (Pen. Code,[2] § 289, subd. (h); Count 1), and committing lewd acts on a minor (§ 288, subd. (c)(1); Counts 2 & 3). In the second

---

[1] Raya-Pena raises two additional claims relating to his sentence. The first challenges the sentence on Count 7. This is moot because he is entitled to acquittal on that count. Second, he faults the court for ordering certain fines and fees without first holding an ability-to-pay hearing. This is also moot because the disposition will necessitate resentencing at which point he may raise the issue in the first instance.

[2] All statutory references are to the Penal Code.

2.

incident, he was charged with committing lewd acts on a minor (§ 288, subd. (c)(1); Counts 4 & 5).

In the last incident, Raya-Pena was charged with committing sexual assault with intent to commit oral copulation (§ 220, subd. (a)(2); Counts 6 & 7), attempted forcible oral copulation (§ 288a,[3] subd. (c)(2)(A); Count 8), distributing pornography to a minor (§ 288.2, subd. (a)(2); Count 9), contacting a minor with sexual intent (§ 288.3, subd. (a); Count 10), sexual battery by restraint (§ 243.4, subd. (a); Counts 11 & 12), and child molestation (§ 647.6, subd. (a)(1); Count 13).

**Trial Evidence**

Counts 6-13[4]

Raya-Pena was the victim's godfather.  During the incident at issue, the victim and her family were guests at Raya-Pena's home.  Eventually, most people had left the home but Raya-Pena, the victim, and two minor boys remained.

The victim testified she was lying on the couch when Raya-Pena asked her if she "wanted to watch a video."  She agreed and he began showing her a "pornographic video" on his phone.  She was not interested in it but he was persistent and knelt next to her while touching her "breasts and … thighs."  She "tried removing him" but he "put[] his leg over" her; she tricked him and "got up and ran to the bedroom …" where the boys were.  The boys did not "let [her] in" so she "ran" to another room, "locked the door[,] and sat down on the bed."  Raya-Pena "unlocked the door," entered, "unzipped his shorts[,] took his penis out," and "put it up" about "two inches" "to [her] face."  She "pushed him" away and eventually went outside to wait for her mother to return.

---

[3] Section 288a was later renumbered to section 287.  (Stats. 2018, ch. 423, § 49.)

[4] The evidence for Counts 1-3 and 4-5 describe incidents while swimming at a lake and while driving to view "Christmas lights," respectively.  Because Raya-Pena was acquitted of these charges, and we find them immaterial to resolving the issues on appeal, we omit further description.

The boys testified the victim was not screaming or yelling, and did not appear afraid or ask for help. Raya-Pena's wife testified that, upon returning home, the victim appeared normal, was neither crying nor upset, and did not ask for help.

The victim disclosed the offense to her mother who, presumably, notified law enforcement.[5] Raya-Pena was arrested and denied everything other than viewing "pornography" on his phone.[6]

**Verdict and Sentence**

Raya-Pena was convicted of both sexual assaults (Counts 6 and 7), distributing pornography to a minor (Count 9), and child molestation (Count 13) but acquitted of all other charges. He was sentenced to serve seven years in state prison on Count 6, with concurrent sentences imposed on all other counts.

## DISCUSSION

This appeal presents two questions. Did the evidence prove *two* counts of sexual assault? Did the court err in its jury instructions for sexual assault? We conclude the evidence did not prove a second sexual assault but the court did err in its instructions.

## I.    Insufficient Evidence To Prove Count 7

The district attorney charged Raya-Pena with committing two counts of sexual assault. Raya-Pena argues, based on the record, "no rational juror could conclude" he committed two sexual assaults after entering the locked room.[7] The People agree, and so do we.

---

[5] Raya-Pena testified the victim's mother threatened " 'to call the [police] right now' " but the record is otherwise silent on the matter.

[6] He testified he "was watching pornography" when the victim walked into the room but he did not actively display it to her.

[7] During the trial, the prosecutor explained to the court the sexual assault counts "are referring [to] when [Raya-Pena] entered the [locked] bedroom." The jury was so instructed.

"When considering a challenge to the sufficiency of the evidence to support a conviction, we review the entire record in the light most favorable to the judgment to determine whether it contains substantial evidence—that is, evidence that is reasonable, credible, and of solid value—from which a reasonable trier of fact could find the defendant guilty beyond a reasonable doubt. … We presume in support of the judgment the existence of every fact the trier of fact reasonably could infer from the evidence." (*People v. Lindberg* (2008) 45 Cal.4th 1, 27.)

Put simply, the record in this case disclosed only one act of sexual assault as alleged. There was no evidence Raya-Pena committed two such acts. He is entitled to an acquittal on Count 7 and we will so order in the disposition. (*People v. Rodriguez* (2018) 4 Cal.5th 1123, 1129 [retrial barred by double jeopardy principles where "reversal … is based on insufficiency of the evidence"].)

## II.    Prejudicial Instructional Error

In relation to the sexual assault charges, Raya-Pena contends "the court failed to instruct the jury on … attempted oral copulation with a" minor. The People assert any error is harmless. We conclude the court erred and the error was prejudicial.

### A.    Additional Background

The sexual-assault jury instructions informed jurors Raya-Pena was charged with assault with intent to commit forcible oral copulation. Forcible oral copulation was separately defined as accomplishing "the act by force, violence, duress, menace, or fear of immediate and unlawful bodily injury to someone."

The instructions further explained force meant using "enough physical force to overcome the other person's will." Duress was defined as "a direct or implied threat of force, violence, danger, hardship, or retribution that causes a reasonable person to do or submit to something that he or she would not otherwise do or submit to." "Menace means a threat, statement, or act showing an intent to injure someone," and "[a]n act is accomplished by fear if the other person is actually and reasonably afraid or she is

5.

actually but unreasonably afraid and the defendant knows of her fear and takes advantage of it."

## B.     Analysis

"A trial court has a sua sponte duty to '[g]ive instructions on lesser included offenses when the evidence raises a question as to whether all of the elements of the charged offense were present [citation], but not when there is no evidence that the offense was less than that charged.' " (*People v. Eid* (2014) 59 Cal.4th 650, 656.) " '[A] lesser offense is necessarily included in a greater offense if either the statutory elements of the greater offense, or the facts actually alleged in the accusatory pleading, include all the elements of the lesser offense, such that the greater cannot be committed without also committing the lesser.' " (*People v. Licas* (2007) 41 Cal.4th 362, 366 (*Licas*); *People v. Gonzalez* (2018) 5 Cal.5th 186, 196-197 (*Gonzalez*).)

A trial court's asserted error in failing to instruct on a lesser included offense is reviewed de novo. (*Licas, supra,* 41 Cal.4th at p. 366.) In reviewing the record for this type of error, we view it in the light most favorable to the accused. (*People v. Woods* (2015) 241 Cal.App.4th 461, 475 (*Woods*).) "[U]ncertainty about whether the evidence is sufficient to warrant instructions should be resolved in favor of the accused [citation]. Even evidence that is unconvincing or subject to justifiable suspicion may constitute substantial evidence and may trigger the lesser-included-offense requirement." (*People v. Vasquez* (2018) 30 Cal.App.5th 786, 792 (*Vasquez*).) "The failure to instruct on lesser included offenses supported by substantial evidence" is reversible only when it is reasonably probable the accused would have received a more favorable result absent the error. (*Gonzalez, supra,* 5 Cal.5th at pp. 195-196.)

"Attempted oral copulation is a necessarily included offense of assault with intent to commit [forcible] oral copulation …." (*People v. Saunders* (1991) 232 Cal.App.3d 1592, 1598.) The People do not contend otherwise. Thus, "the question [presented] is whether, in assessing and weighing the evidence independently, the jury could have

reasonably concluded that [Raya-Pena] committed [attempted] nonforcible oral copulation …, but not [assault with intent to commit] forcible oral copulation." (*Woods, supra,* 241 Cal.App.4th at p. 475.)

A thorough review of the record reveals the jury could have reasonably concluded Raya-Pena committed attempted nonforcible oral copulation (§§ 664 & 287, subd. (b)), instead of assault with intent to commit forcible oral copulation (§ 220, subd. (a)).[8] The reason for this conclusion is that the evidence, viewed in a light favoring Raya-Pena, was less than convincing to prove he intended to use force.

The record contained ample evidence the charged assaults were not accompanied by force, violence, duress, menace, or fear. Two separate witnesses testified the victim did not appear afraid and did not ask for help *during* the incident. A third witness testified the victim did not appear afraid and did not ask for help *after* the incident. Although each witness's testimony is perhaps "subject to justifiable" criticism, that does not lessen its significance because we must view it in a light favoring Raya-Pena. (*Vasquez, supra,* 30 Cal.App.5th at p. 792.) Taken together, the jury could have found Raya-Pena attempted to commit oral copulation but did not intend to use force.

We also find significant both the total lack of evidence describing how, or the manner in which, Raya-Pena unlocked the door and entered the room, and evidence describing the manner in which he precipitated the assault at issue.[9] In total, these factors lead us to conclude the court erred in not instructing the jury with attempted nonforcible oral copulation, i.e., that Raya-Pena acted without, and did not intend to use, force.

It is true, as the People posit, "the jury was presented with a direct conflict in the evidence." But this does not mean the jury could not form its own view of the evidence.

---

[8] Attempted assault with intent to commit forcible oral copulation *was* instructed upon as a lesser offense. Its inclusion does not alter our analysis because it suffers from the same shortcoming with respect to force.

[9] Aside from the "two inch[]" distance, no evidence further described the assault.

After all, it is the jury, not counsel, that decides the facts and renders a verdict. (*People v. Morales* (2001) 25 Cal.4th 34, 47 [a jury is free to disregard counsels' arguments] (*Morales*).)

"[T]he lesser included offense requirement protects the jury's ' "truth-ascertainment function." ' [Citation.] The jury's exposure to 'the full range of possible verdicts—not limited by the strategy, ignorance, or mistake of the parties … ensure[s] that the verdict is no harsher or more lenient than the evidence merits.' " (*Gonzalez, supra,* 5 Cal.5th at p. 196.) Allowing either party's trial strategy in presenting and arguing its case to defeat the instructional requirement would eviscerate the rule.

Indeed, this case readily demonstrates the point. Notwithstanding each counsel's argument, the jury did not render an "all-or-nothing" verdict. (See *People v. Hicks* (2017) 4 Cal.5th 203, 210 [" 'the rule prevents either party, whether by design or inadvertence, from forcing an all-or-nothing choice between conviction of the stated offense on the one hand, or complete acquittal on the other' "].) Instead, the jury acquitted Raya-Pena of several crimes, and convicted him of others, including crimes charged and presented as one continuous event.[10]

For example, the victim described Raya-Pena holding her down and touching her before pursuing her into the bedroom. The jury acquitted Raya-Pena of those charges (sexual battery by restraint, Counts 11 and 12) but convicted him of the subsequent assaults committed after following her into the bedroom (Counts 6 and 7). Accordingly, we conclude it is reasonably probable at least one juror could have reasonably doubted

---

[10] The People rely on *People v. Pitts* (1990) 223 Cal.App.3d 606 to argue "[t]he jury believed the People's evidence" over Raya-Pena's defense. In *Pitts, supra,* this court held there was no instructional error where "[u]nder no view of the evidence was" any defendant guilty of an intermediary crime. (*Id.* at p. 884.) The verdicts in this case, again, illustrate that juries—not the parties—decide the facts and render verdicts. (*Morales, supra,* 25 Cal.4th at p. 47.)

Raya-Pena *intended* to forcibly commit the crimes.[11]  (See *In re Long* (2020) 10 Cal.5th 764, 785 [one juror harboring reasonable doubt is prejudice sufficient for reversal].)

## **DISPOSITION**

The judgment is vacated.  The convictions on Counts 6 and 7 are reversed.  Upon remand, the trial court is directed to enter a judgment of acquittal on Count 7.  The People may elect to either retry Count 6 or accept a reduction to attempted nonforcible oral copulation (§§ 664 & 287, subd. (b)(1).)  (§ 1181(6).)  The convictions on counts 9 and 13 stand, and the case is remanded to the trial court for further proceedings consistent with this opinion.

SNAUFFER, J.

WE CONCUR:

POOCHIGIAN, ACTING P. J.

SMITH, J.

---

[11] Notably, the jury also acquitted Raya-Pena of attempted forcible oral copulation (Count 8), casting further doubt on the force involved in this case *as it was presented at trial*.  We express no opinion as to the evidence and theories the prosecution may present at a new trial.