Filed 3/4/22  P. v. Lara CA5
Reposting correct version

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIFTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE,<br><br>Plaintiff and Respondent,<br><br>v.<br><br>JOSE LUIS LARA,<br><br>Defendant and Appellant. | F079648<br><br>(Super. Ct. No. BF166835A)<br><br>**OPINION** |

-ooOoo-

APPEAL from a judgment of the Superior Court of Kern County.  Gregory A. Pulskamp, Judge.

Stephen M. Hinkle, under appointment by the Court of Appeal, for Defendant and Appellant.

Xavier Becerra, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Michael P. Farrell, Assistant Attorney General, Carlos A. Martinez and Catherine Tennant Nieto, Deputy Attorneys General, for Plaintiff and Respondent.

-ooOoo-

Jose Luis Lara warned a man to "not say" anything and then shot him in the stomach. As the man lay wounded, he reached for his phone but it was gone. For his actions, Lara was convicted of several crimes, including robbery.

On appeal, Lara claims the evidence was insufficient to prove robbery, the court failed to instruct on theft as a lesser included offense to robbery, his counsel was ineffective relative to robbery, and fines and fees imposed as part of the judgment were improper. We will affirm the judgment.

## BACKGROUND

**Charges**

The Kern County District Attorney charged Lara with committing four crimes: attempted murder (Pen. Code,[1] § 664/187), burglary (§ 460), robbery (§ 211), and assault with a firearm (§ 245, subd. (a)(2)). The charges included enhancements for premeditation and deliberation (§ 664, subd. (a)), discharging a firearm and causing great bodily injury (§ 12022.53, subd. (d), using a firearm (§ 12022.5, subd. (a)), and causing great bodily injury (§ 12022.7, subd. (a)).

**Trial Evidence**

The victim testified Lara and another man known as Burrito came to his residence late one night. The victim believed Lara and Burrito had brought a bag of stolen mail. While they were sifting through it, a fourth man went outside and removed various tools from Lara's vehicle.

At some point, Lara and Burrito left the residence. They returned because Burrito, who now toted a shotgun, was "looking for his tool bag." Burrito and Lara "removed [the fourth man] from the room."

About a minute later, Lara came back into the room with the shotgun, put a knee on the victim, pointed the shotgun at him, and stated, " '[s]hut the fuck up, mother-fucker. Better not say shit.' " He pulled the trigger.

---

[1] Undesignated statutory references are to the Penal Code.

The victim, grievously wounded, "went blank" and "saw … a white cloud."[2] He "tried reaching for anything" and could not find his phone. Eventually, first responders arrived, and the victim survived.[3]

Law enforcement officers investigating the crime received "call detail records" for the victim's phone. Those records indicated the victim's phone came into contact with a "cell tower" near Lara's home shortly after the shooting.[4]

**Verdict and Sentence**

Lara was found guilty as charged. He was sentenced to serve 32 years to life in prison. Various fines and fees, detailed below, were also imposed.

## DISCUSSION

There are four claims to address. One, was the evidence sufficient to prove robbery? Two, did the court err by not instructing the jury theft was a lesser included offense to robbery? Three, was Lara's counsel ineffective for not requesting specific, pinpoint instructions on robbery? Four, did the court err in imposing the fines and fees without first holding a hearing to determine Lara's ability to pay?

The People oppose each contention. We find no merit in Lara's arguments and affirm the judgment.

## I. The Evidence Sufficiently Proved Robbery

Lara asserts "the prosecution did not meet its burden of proving all of the elements of the crime of robbery, because the record does not contain substantial evidence that [he]

---

[2] One witness testified the victim was "holding his intestines in his hands, screaming."

[3] A fifth person found the victim and called for help.

[4] Cell tower data does not provide an exact location for a cell phone. The records in this case indicated the cell phone interacted with a tower near the victim's home and later with a tower near Lara's home during the time relevant to this crime.

formed an intent to steal before or during the shooting, or that" he was the robber.[5]  The People disagree.  We agree with the People the evidence was sufficient to prove robbery.

"When considering a challenge to the sufficiency of the evidence to support a conviction, we review the entire record in the light most favorable to the judgment to determine whether it contains substantial evidence—that is, evidence that is reasonable, credible, and of solid value—from which a reasonable trier of fact could find the defendant guilty beyond a reasonable doubt.  [Citation.]  …  We presume in support of the judgment the existence of every fact the trier of fact reasonably could infer from the evidence.  [Citation.]  If the circumstances reasonably justify the trier of fact's findings, reversal of the judgment is not warranted simply because the circumstances might also reasonably be reconciled with a contrary finding.  [Citation.]  A reviewing court neither reweighs evidence nor reevaluates a witness's credibility."  (*People v. Lindberg* (2008) 45 Cal.4th 1, 27.)

"Robbery is defined in section 211 as 'the felonious taking of personal property in the possession of another, from his person or immediate presence, and against his will, accomplished by means of force or fear.' "  (*People v. Scott* (2009) 45 Cal.4th 743, 749.) "Robbery requires the 'specific intent to permanently deprive' the victim of his or her property."  (*People v. Mora and Rangel* (2018) 5 Cal.5th 442, 489.)  " '[T]he evidence must show that the requisite intent to steal arose either before or during the commission of the act of force.' "  (*People v. Kipp* (2001) 26 Cal.4th 1100, 1128 (*Kipp*).)

The evidence in this case amply proved robbery.  As for identity, the victim repeatedly testified Lara was the robber.  That was sufficient to prove identity.[6]

---

[5]    Because Lara does not challenge any other element, we focus only on identity and intent.

[6]    Although Lara claims the victim was not credible, we may not second-guess a jury's resolution of credibility.  So long as the evidence is neither physically impossible nor inherently improbable, it is sufficient.  (*People v. Panah* (2005) 35 Cal.4th 395, 489.)

The evidence also readily proved contemporaneous intent. The victim testified Lara warned him to remain silent and then shot him. When the victim subsequently reached for his phone to call for help, it was missing. With this evidence the jury could reasonably conclude the phone was taken as part of the effort to silence the victim. Indeed, the effort was successful because the victim was unable to seek assistance, albeit temporarily.

Other evidence established the phone was operating through a cell phone tower near Lara's residence shortly after the shooting. This supports the fact Lara was the robber. Combined, the evidence sufficiently proved the identity and intent necessary for robbery. We reject Lara's contrary contention.

## II. Lack of Lesser Included Offense Not Prejudicial

Next, Lara faults the court for not instructing the jury with theft as a lesser included alternative to robbery. He bases his argument on "the issue of after-formed intent." In other words, he contends the evidence was sufficient to support an inference he formed the intent to steal the victim's phone *after* the shooting.

The People claim "there was insufficient evidence to support a theory of theft but not robbery." We disagree but find the error harmless.

"A trial court has a sua sponte duty to 'giv[e] instructions on lesser included offenses when the evidence raises a question as to whether all of the elements of the charged offense were present [citation], but not when there is no evidence that the offense was less than that charged.' " (*People v. Eid* (2014) 59 Cal.4th 650, 656.) " '[A] lesser offense is necessarily included in a greater offense if either the statutory elements of the greater offense, or the facts actually alleged in the accusatory pleading, include all the elements of the lesser offense, such that the greater cannot be committed without also committing the lesser.' " (*People v. Licas* (2007) 41 Cal.4th 362, 366 (*Licas*); *People v.*

We have no occasion to conclusively doubt the victim's testimony Lara was the only person in the home when he shot the victim and the phone went missing.

5.

*Gonzalez* (2018) 5 Cal.5th 186, 196-197 (*Gonzalez*).) " 'Theft is a lesser included offense of robbery.' " (*People v. Friend* (2009) 47 Cal.4th 1, 51.)

A trial court's asserted error in failing to instruct on a lesser included offense is reviewed de novo. (*Licas, supra,* 41 Cal.4th at p. 366.) In reviewing the record for this type of error, we view it in the light most favorable to the accused. (*People v. Woods* (2015) 241 Cal.App.4th 461, 475.) "[U]ncertainty about whether the evidence is sufficient to warrant instructions should be resolved in favor of the accused [citation]. Even evidence that is unconvincing or subject to justifiable suspicion may constitute substantial evidence and may trigger the lesser-included-offense requirement." (*People v. Vasquez* (2018) 30 Cal.App.5th 786, 792.) "The failure to instruct on lesser included offenses supported by substantial evidence" is reversible only when it is reasonably probable the accused would have received a more favorable result absent the error. (*Gonzalez, supra,* 5 Cal.5th at pp. 195-196.)

Viewed in the light most favorable to Lara, the record supports a theory he shot the victim as punishment or for revenge relative to the tools or simply as a witness to other crimes. After shooting the victim, Lara only then fortuitously noticed and took the victim's phone from a nearby table. After all, Lara trafficked in stolen goods and electronics often prove valuable. This view supports an instruction on theft as a lesser included offense. The court erred by not providing a corresponding instruction to the jury.

The problem with reversal in this case is that the jury was never presented with the after-formed intent theory. Instead, Lara's defense was that he was not the culprit.[7] The parties' respective presentations through testimony and closing argument left the jury with " 'an all-or-nothing choice': the jury could either find that [Lara] had committed the [crimes] or it could find that he had committed no crime" at all. (*Friend, supra,* 47

---

**7** We discuss the defense strategy in greater detail at part III., *post*.

Cal.4th at p. 52; see *People v. Larsen* (2012) 205 Cal.App.4th 810, 831 [in assessing prejudice, reviewing courts properly consider "the closing arguments of counsel"].)

Because Lara did not present a challenge to the robbery charge,[8] it is unlikely the jury would have rejected robbery and instead found him guilty of theft had it received instructions theft was a lesser included offense. Accordingly, the instructional error is harmless.

## III. Counsel Was Not Ineffective

As discussed, to constitute robbery, the intent to steal must form prior to or during the use of force. (*Kipp, supra,* 26 Cal.4th at p. 1128.) Lara believes his counsel was deficient for not requesting a pinpoint instruction highlighting contemporaneous intent to the jury. The People argue "the court's instructions on robbery explained to the jury that [Lara] had to intend to steal [the victim's] property before or during the application of force to be convicted of robbery."

We agree with the People. We also find counsel's strategy in seeking a full acquittal by arguing misidentification was reasonable and incompatible with undermining the intent necessary to prove robbery. Counsel's reasonable strategic choice rendered it unnecessary, even ill-advised, to attack the robbery charge by focusing on after-formed intent.

### A. Additional Background

As pertinent, the court's pattern jury instructions on robbery explained Lara's "intent to take the property must have been formed before or during the time [he] used force or fear. If [he] did not form this required intent until after using the force or fear, then [he] did not commit robbery." (CALCRIM No. 1600.)

---

**8**    Lara did argue the evidence was insufficient to prove robbery in a section 1118.1 motion outside the jury's presence. As discussed at part III., *post*, the motion outside the jury's presence is consistent with the mistaken identity defense presented to the jury.

In closing argument, Lara's counsel focused on identity. For example, he stated, "Really, what we're talking about is the reliability of [the victim's] identification." Counsel concluded, "[T]here's very compelling, persuasive evidence in this case that Mr. Lara did not shoot" the victim.

## B. Analysis

" '[T]o establish a claim of ineffective assistance of counsel, [a] defendant bears the burden of demonstrating, first, that counsel's performance was deficient because it "fell below an objective standard of reasonableness [¶] ... under prevailing professional norms." [Citations.] Unless a defendant establishes the contrary, we shall presume that "counsel's performance fell within the wide range of professional competence and that counsel's actions and inactions can be explained as a matter of sound trial strategy." ' " (*People v. Bell* (2019) 7 Cal.5th 70, 125.) " ' "If a defendant meets the burden of establishing that counsel's performance was deficient, he or she also must show that counsel's deficiencies resulted in prejudice, that is, a "reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." ' " (*Ibid.*) "[W]e 'defer[ ] to counsel's reasonable tactical decisions' and presume that 'counsel acted within the wide range of reasonable professional assistance.' " (*People v. Arredondo* (2019) 8 Cal.5th 694, 711.)

Here, counsel determined undermining the entire case by arguing misidentification was the best strategy. This is an objectively reasonable choice and we accord it great deference. Lara stood to gain little by achieving acquittal on anything other than attempted murder and its attendant firearm enhancement. To illustrate the point, if Lara was acquitted of robbery but found guilty of the other charges and enhancements, he still would have received at minimum the same 32 years to life sentence on count 1 alone. (See §§ 187, 664, and 12022.53, subd. (d).) Properly understood, it becomes clear arguing identity was not only reasonable, but perhaps the best tactic.

Moreover, counsel could have reasonably believed presenting inconsistent defenses, i.e., identity on the one hand and specifically challenging robbery on the other, would diminish his credibility with the jury.[9] This is true because these inconsistent defenses would concede, at least to some degree, Lara's role as the shooter. To reiterate, distancing Lara from the shooting by arguing misidentification was central to the chosen defense and critical to a meaningful, practical result.

In conclusion, counsel was not ineffective by attacking the entire case as a whole instead of individually focusing on a comparatively less important charge. Lara has not overcome the presumption counsel acted professionally.

In any event, the jury instructions adequately covered the point. The instructions clearly explain the difference between robbery and after-acquired-intent theft. (See CALCRIM No. 1600.) For all these reasons, the ineffective assistance claim fails.

## IV. The Fines and Fees Were Properly Imposed

Last, Lara claims "[i]mposition of any fines, fees, or assessments, without a hearing to determine whether appellant had the ability to pay, violates due process under the state and federal constitutions." He concludes "[t]he record does not support a reasonable inference that appellant had, or would have in the foreseeable future, the ability to pay the fines, fees, and assessments."

The People argue Lara "forfeited [the] claim by failing to raise it below" and otherwise "did not show an inability to pay." We agree the claim is forfeited.

### A. Additional Background

As part of the judgment, the court imposed a $300 restitution fine (§ 1202.4, subd. (b)), $160 in court operations assessments (§ 1465.8), $120 in court facilities assessments

---

[9] Counsel did argue contemporaneous intent to steal was unproven during a section 1118.1 motion outside the jury's presence. Although technically inconsistent with the overall identity defense, it was not inconsistent with the defense presented to the jury because the jury was unaware of the motion. This further supports counsel was well aware of all the issues and chose not to present inconsistent defenses to the jury.

(Gov. Code, § 70373), and a $10 theft conviction fine (§ 1202.5). Lara did not object to their imposition.

## B. Analysis

"In general, a defendant who fails to object to the imposition of fines, fees, and assessments at sentencing forfeits the right to challenge those fines, fees, and assessments on appeal." (*People v. Greeley* (2021) 70 Cal.App.5th 609, 624.) This is particularly true in cases like this where sentencing occurred after the Duenas court declared a constitutional right to have courts determine ability to pay prior to imposing mandatory fines and fees.[10] (*Ibid.*) Because Lara did not object, we conclude he forfeited this claim.

Were we to address the claim's merits, we would find any error harmless. The record discloses Lara earned substantial income for several years preceding his incarceration and owned property far exceeding the total fines and fees imposed.[11] Moreover, the section 1202.5 theft conviction fine requires the court to consider ability to pay.[12] "In the absence of evidence to the contrary, we presume that the court 'knows and applies the correct statutory and case law.' " (*People v. Thomas* (2011) 52 Cal.4th 336,

---

[10] The decision in *People v. Dueñas* (2019) 30 Cal.App.5th 1157 is the basis for Lara's claim. It was published six full months prior to Lara's sentencing hearing.

[11] The income statistics were included in Lara's post-conviction probation report. (See § 1203.) The report disclosed Lara earned between $5,000 to $8,000 monthly for six years preceding this crime and owned a vehicle worth approximately $8,000. His liabilities were undisclosed.

[12] Section 1202.5, subdivision (a) states, in part, "If the court determines that the defendant has the ability to pay all or part of the fine, the court shall set the amount to be reimbursed and order the defendant to pay that sum to the county in the manner in which the court believes reasonable and compatible with the defendant's financial ability. In making a determination of whether a defendant has the ability to pay, the court shall take into account the amount of any other fine imposed upon the defendant and any amount the defendant has been ordered to pay in restitution."

361.)  The challenge to the fines and fees would fail because the trial court presumptively considered Lara's ability to pay.[13]

## DISPOSITION

The judgment is affirmed.

SMITH, J.

WE CONCUR:

LEVY, Acting P. J.

MEEHAN, J.

---

[13]  To the extent Lara faults the court's imposition of fines as unfounded, he is incorrect.  The record contained substantial evidence of his ability to pay.