Filed 3/10/25  P. v. Finan CA2/5

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION FIVE

| | |
|---|---|
| THE PEOPLE, | B334920 |
| Plaintiff and Respondent, | (Los Angeles County Super. Ct. No. SA108408) |
| v. | |
| JEFFERY MICHAEL FINAN, | |
| Defendant and Appellant. | |

APPEAL from a judgment of the Superior Court of Los Angeles County, Christopher W. Dybwad, Judge.  Affirmed.

Steven S. Lubliner, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Susan Sullivan Pithey, Senior Assistant Attorney General, Idan Ivri, Supervising Deputy Attorney General, and Melanie Dorian, Deputy Attorney General, for Plaintiff and Respondent.

\* \* \* \* \* \*

Jeffery Michael Finan (defendant) appeals from his conviction of first degree burglary, arguing that the trial court erred in not instructing the jury on the lesser-related offense of criminal trespass. Applying *People v. Birks* (1998) 19 Cal.4th 108 (*Birks*), the trial court committed no error. Defendant invites us not to apply *Birks* to his case, even though it is binding precedent. We decline the invitation, and affirm.

**FACTS AND PROCEDURAL BACKGROUND**

**I.    Facts**

In June 2023, Carolyn H., her husband, and their three children lived in a gated house in Los Angeles.[1] In the early morning hours of June 6, 2023, defendant scaled the wall surrounding the house and entered the house from the backyard through a sliding glass door.

When Carolyn spied defendant pick up and examine her husband's laptop while standing in their living room, she quietly alerted her husband, and they gathered up the children and silently retreated to a bedroom in the back of the house, called

---

[1]    California Rules of Court, rule 8.90(b) instructs appellate courts to "consider referring to" certain individuals "by first name and last initial" to protect their privacy. Accordingly, we refer to the victim in this case by her first name and last initial, and thereafter by first name only. No disrespect is intended.

911, and waited. No one gave defendant consent to be in their home or to take the laptop.

When the police arrived a few minutes later, they found defendant casually leaning against a pick-up truck out in front of the home, vaping. The front gate was open slightly. Defendant had taken the laptop out of the house, but left it on the front porch before exiting through the front gate.

## II.     Procedural Background

The People charged defendant with first degree burglary (Pen. Code, § 459).[2] The People further alleged that the burglary constituted a "violent" felony because a person was "present in the residence during [its] commission" (§ 667.5, subd. (c)(21)).

The matter proceeded to trial. At trial, defendant asked the court to instruct the jury on the crime of trespass, as a lesser-related offense. The prosecutor objected. In light of the prosecutor's objection, the court declined to give the instruction. The jury found defendant guilty of first degree burglary, and also found true the allegation that a person was present during the burglary.

The trial court placed defendant on formal probation for two years.

Defendant filed this timely appeal.

### DISCUSSION

Defendant argues that the trial court erred in not instructing on criminal trespass as a lesser-related offense. We review claims of instructional error de novo. (*People v. Guiuan* (1998) 18 Cal.4th 558, 569.)

---

[2]     All further statutory references are to the Penal Code unless otherwise indicated.

3

"A trial court has a duty to instruct on general principles of law that are 'closely and openly connected to the facts before the court and that are necessary for the jury's understanding of the case.'" (*People v. Moye* (2009) 47 Cal.4th 537, 554, quoting *People v. Montoya* (1994) 7 Cal.4th 1027, 1047.) As part of that duty, a trial court must instruct a jury on any crimes that are necessarily included within a charged crime (so-called "lesser-included" offenses) if there is substantial evidence that the defendant committed the lesser-included offense but not the charged crime. (*People v. Gonzalez* (2018) 5 Cal.5th 186, 196.) A crime is a lesser-included offense of a charged crime if the charged crime requires proof of every element of the lesser-included crime— either by comparing the elements of two crimes in the abstract or as alleged in the particular case. (*Id.* at p. 197; *People v. Licas* (2007) 41 Cal.4th 362, 366.) This duty to instruct does not extend to lesser-*related* crimes—that is, to a crime that has an element that the charged crime does not—unless the prosecutor *consents* to the jury being instructed on that offense. (*Birks*, *supra*, 19 Cal.4th at pp. 136-137; *People v. Hicks* (2017) 4 Cal.5th 203, 211 (*Hicks*); *People v. Rangel* (2016) 62 Cal.4th 1192, 1230.) This distinction is grounded in the separation of powers: When the People charge a crime, that charging decision necessarily encompasses all lesser-included crimes to the charged crime; because lesser-related crimes are outside this charging decision, granting defendants the right to have the jury instructed on lesser-related crimes over the prosecutor's objection risks impinging on prosecutorial discretion entrusted to the executive branch. (*Birks*, at pp. 134-135; *Hicks*, at p. 211.)

It is well settled that criminal trespass is a lesser-*related* offense to burglary, not a lesser-*included* offense. That is because

burglary requires (1) entry into a structure (2) with intent to commit a felony (§ 459; *People v. Anderson* (2009) 47 Cal.4th 92, 101; CALCRIM No. 1700), while criminal trespass requires willful entry onto property without consent of the owner (§ 602.5, subd. (a); CALCRIM No. 2932).  Because criminal trespass requires proof of an element (namely, lack of consent to enter) that burglary does not, criminal trespass is a lesser-related offense to burglary.  (*Birks*, *supra*, 19 Cal.4th at p. 137; *People v. Irizarry* (1995) 37 Cal.App.4th 967, 973-975; *People v. Farrow* (1993) 13 Cal.App.4th 1606, 1626.)  And because the prosecutor objected to giving the criminal trespass instruction in this case, the trial court correctly declined to instruct on that offense.

Defendant resists this conclusion.  Defendant acknowledges that *Birks* is binding authority that dictates the result in this case and defendant disclaims any intent to ignore *Birks*, but nevertheless asks us not to apply *Birks* in cases where the prosecutor at trial introduces any evidence that is relevant to the lesser-related offense.  We decline this request.  *Birks* nowhere articulates such an exception or limitation.  Nor will we imply one.  Defendant urges that the prosecutor in his case elicited evidence (and thereafter argued to the jury) that defendant never had consent to enter Carolyn's house, urges that lack of consent is an element of the crime of criminal trespass (but not the crime of burglary), and urges that the prosecutor's elicitation of evidence pertinent to the lesser-related crime effectively amounts to an implicit consent to instruct on that crime.  Defendant's argument utterly ignores that lack of consent is independently relevant to the crime of burglary, as it is "material to the element of entry" (because entry onto property with the owner's consent is part of the defense to burglary that the defendant entered the

property with the owner's consent as well as the owner's knowledge that the defendant intends to commit a crime). (*People v. Waidla* (2000) 22 Cal.4th 690, 723; *People v. Sigur* (2015) 238 Cal.App.4th 656, 667.)  We decline to construe a prosecutor's decision to elicit evidence relevant to a charged offense as implicit consent to the giving of a lesser-related instruction.  Doing so would create an unauthorized exception to *Birks*, and we are in no position to overrule our Supreme Court. (*Auto Equity Sales, Inc. v. Superior Court* (1962) 57 Cal.2d 450, 455-456.)  Defendant also makes a narrower variant of this argument, asking us not to apply *Birks* in cases involving burglary and trespass.  We also decline this request, as there is no *de minimis* exception to the hierarchy of precedential authority.

## DISPOSITION

The judgment is affirmed.

<u>NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS</u>.


_____, P.J.

HOFFSTADT


We concur:


_____, J.

BAKER


_____, J.

KIM (D.)

6